UNITED PARCEL SERVICE, Plaintiff-Appellant, v. CHURCH'S FRIED CHICKEN, INC., *et al.*, Defendants-Appellees.

First District (4th Division)   No. 87—1144

Opinion filed August 25, 1988.—Rehearing denied September 27, 1988.

Thomas G. King, of Chicago, for appellant.

Michael J. Lefevour, of Chicago, for appellee Church's Fried Chicken, Inc.

Kiesler & Berman, of Chicago (Rory Cassidy, of counsel), for appellee Timothy Mason.

JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, United Parcel Service, appeals from an order of the circuit court of Cook County dismissing its amended complaint. The sole issue for review is whether the amended complaint relates back to the

time of the originally filed action, so as to avoid the bar of the statute of limitations.

We reverse.

On June 1, 1983, plaintiff's vehicle, which was being driven by its employee, Johnny Hunt, was struck by a vehicle being driven by defendant, Timothy Mason, an employee of Church's Fried Chicken, also a defendant herein. On June 26, 1984, plaintiff filed suit against both defendants. Plaintiff sought recovery for property damage and loss of use of its vehicle. Thereafter, plaintiff paid workers' compensation to Hunt for medical expenses he incurred as a result of injuries he sustained in the accident.

Plaintiff filed an amended complaint on July 29, 1986. In addition to declaring its right to recover for property damage and loss of use of its vehicle, plaintiff also requested recovery for the workers' compensation benefits it had paid to Hunt. Plaintiff claimed that it is a subrogee and is entitled to reimbursement for payments it had made to Hunt. Defendants moved to dismiss plaintiff's amended complaint, claiming that the amendment is barred by the two-year statute of limitations pursuant to section 2—619 of the Code of Civil Procedure (hereinafter the Code) (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(5)).

Plaintiff contends that the trial court erred in dismissing its amendment that added a subrogation claim. Plaintiff argues that under section 2—616(b) of the Code, an amendment is not barred by the tolling of the statute of limitations, unless the original complaint was not filed within the statutory time period. (Ill. Rev. Stat. 1985, ch. 110, par. 2—616(b).) Since its original complaint was filed within the two-year limitation period for personal injury claims, plaintiff asserts its subrogation claim was timely filed.

Plaintiff primarily relies on *Geneva Construction Co. v. Martin Transfer & Storage Co.* (1954), 4 Ill. 2d 273, to support its contention. In that case, Geneva's employee sustained injuries in an accident caused by Martin. Geneva paid the employee workers' compensation and thereafter brought a subrogation action against Martin, pursuant to the Workers' Compensation Act (Ill. Rev. Stat. 1947, ch. 48, par. 166). Two years after the filing of the original complaint and four years after the accident the injured employee attempted to amend the complaint in order to be made a party plaintiff and to claim common law damages against defendant.

Initially, the court specifically held that the non-negligence employer has the right of subrogation based on common-law principles. (*Geneva Construction Co.*, 4 Ill. 2d at 284.) Concerning the amended complaint, the court held that pursuant to section 46 of the Civil

Practice Act (Ill. Rev. Stat. 1953, ch. 110, par. 46 (now Ill. Rev. Stat. 1985, ch. 110, par. 2—616)), the amendment was not barred by the statute of limitations, but, instead, related back to the time the original complaint had been filed. The court further held that the causes of action in the original complaint and amended pleadings grew out of the same transaction or occurrence, as required by the statute. (*Geneva Construction Co.*, 4 Ill. 2d at 288.) We find *Geneva* controlling on the issue in the present case.

■ Both parties agree that plaintiff's amended complaint is barred by the two-year statute of limitations unless the amendment "relates back" to the date the original complaint was filed. Section 2—616(b) of the Code governs whether an amendment can be deemed to relate back to the date of the original complaint in order to avoid the tolling of the statute of limitations. "The purpose of section 2—616(b) is to prevent a person from losing a cause of action due to technicalities." (*Peoples Gas Light & Coke Co. v. Austin* (1986), 147 Ill. App. 3d 26, 33.) Accordingly, section 2—616(b) permits the amended pleading to relate back to the time of filing the original complaint if two requirements are met: "(1) the original pleading was timely filed and (2) the original and amended pleadings indicate that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading." *Zeh v. Wheeler* (1986), 111 Ill. 2d 266, 270-71.

■ There is no dispute between the parties that the original complaint was filed within the appropriate two-year limitation period prescribed for personal injury actions. Thus, the question before us is whether plaintiff meets the second requirement of section 2—616(b). In plaintiff's original complaint, it claimed that defendant Mason had carelessly and negligently operated defendant corporation's vehicle. Due to such negligence, plaintiff claimed that Mason caused the collision, which resulted in property damage and loss of use of the vehicle. Wherefore, plaintiff sought recovery for the property damage and loss of use expenses. In the amended pleadings, in addition to seeking the relief requested in the original complaint, plaintiff also sought the right of subrogation. Plaintiff asserted that it was entitled to reimbursement for the payments it made to Hunt in the sums of $4,891.25 for medical expenses and $15,937.10 for temporary disability payments. Plaintiff alleged that the injuries suffered by Hunt, from which such expenses arose, were caused by the accident in question. The amended complaint also noted that payments to Hunt and his expenses were of a continuing nature since the claim was still pending before the Illinois Industrial Commission.

As in *Geneva,* here we find that plaintiff's subrogation action grew out of the same transaction and occurrence set up in its original pleadings, namely, the accident on June 1, 1983. Additionally, we find that defendants are not prejudiced by the amendment. Complainant must be able to show that the amendment hindered his ability to present his case on the merits. (*Banks v. United Insurance Co. of America* (1975), 28 Ill. App. 3d 60, 64.) However, complainant is not prejudiced by an amendment " 'so long as his attention was directed, within the time prescribed or limited, to the facts that form the basis of the claim asserted against him.' " (*Zeh v. Wheeler* (1986), 111 Ill. 2d 266, 273, quoting *Simmons v. Hendricks* (1965), 32 Ill. 2d 489, 495.) In all of plaintiff's pleadings, the basis of defendants' liability was the negligent operation of the vehicle, resulting in a collision with plaintiff's vehicle, being driven by Hunt. Moreover, the amendment merely sought reimbursement for expenses paid to Hunt for injuries which arose from an occurrence fully disclosed to defendants in the original complaint. Thus, defendants were aware of circumstances upon which they might predicate a defense to a personal injury action.

For the foregoing reasons, we reverse the judgment of the circuit court of Cook County.

Reversed.

JIGANTI, P.J., and McMORROW, J., concur.