A.C. CANNON, Plaintiff-Appellant, v. ROSEMARY BRYANT *et al.*, Defendants-Appellees.

First District (1st Division)   No. 1—88—3694

Opinion filed April 9, 1990.

Spector & Lenz, P.C., of Chicago (H. Thomas Lenz, of counsel), for appellant.

Law Offices of James J. DesVeaux, of Chicago (J. Deborah Salvesen, of counsel), for appellees.

JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiff, A.C. Cannon, appeals from the entry of summary judgment in favor of defendants, Rose Marie Bryant and Antoine T. Edgar, in an action for damages for injuries sustained when plaintiff, defendants' tenant, allegedly fell on the stairway of an apartment

building owned by defendants. The trial court held that, pursuant to section 2—616 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—616), plaintiff's amended complaint, which corrected the street name of the apartment building's address and was filed after the relevant statute of limitations period had expired, did not relate back to the original complaint and, thus, was time barred. For the following reasons, the judgment of the trial court is affirmed.

The record indicates that on November 12, 1987, plaintiff filed his complaint against Rosemary Bryant and Anton Edgar,[1] alleging that they owned an apartment building located at 7127 E. 70th Place, Chicago (the Premises). Plaintiff further alleged that on November 13, 1985, while he was lawfully on the Premises, defendants carelessly and negligently allowed an unsafe condition to exist on the porch of the Premises which caused plaintiff to suffer injuries. On March 13, 1988, defendants filed a motion for summary judgment, alleging, *inter alia*, that on November 13, 1985, defendants did not own the building located at 7127 E. 70th Place, Chicago.

On April 14, 1988, in response to defendants' motion for summary judgment, plaintiff filed a motion to amend the complaint so as to correct the names of the defendants and the address of the Premises, which had been "inadvertently written" as 7127 E. 70th Place, Chicago, instead of 7127 S. Wabash, Chicago. At the hearing on both motions, the trial court denied defendants' motion for summary judgment and granted leave to plaintiff to file an amended complaint.

On April 29, 1988, plaintiff filed his amended complaint, which corrected the spelling of defendants' names, changed the address of the Premises to 7127 S. Wabash, Chicago, and added more specific allegations as to defendants' negligent acts, *i.e.*, they had carelessly maintained the porch of the Premises by allowing "an unnatural accumulation of oil and grease, resulting from improper garbage removal, to remain on the porch."

In their answer to the amended complaint, defendants admitted that they owned the building located at 7127 S. Wabash, but claimed, as an affirmative defense, that plaintiff had failed to keep a proper lookout of the surface for his own safety. Defendants then filed a motion for summary judgment, arguing that, based on *Zeh v. Wheeler* (1986), 111 Ill. 2d 266, 489 N.E.2d 1342, the change of address of the Premises in the amended complaint set forth a new occurrence and, thus, plaintiff's amended complaint did not relate back to the original

---

[1]The names of the defendants were subsequently corrected to Rose Marie Bryant and Antoine T. Edgar.

complaint and was time barred. The trial court granted defendants' motion, and plaintiff's appeal followed.

■■ Initially, plaintiff contends that because defendants answered the amended complaint and filed an affirmative defense without including the statute of limitations defense, they waived their right to assert a statute of limitations defense in the summary judgment motion. Contrary to plaintiff's assertion, an affirmative defense may be raised in a motion for summary judgment even though it had not been raised previously in the pleadings. *Competitive Food Systems, Inc. v. Laser* (1988), 170 Ill. App. 3d 606, 524 N.E.2d 207.

Plaintiff next contends that his amended complaint, filed subsequent to the expiration of the relevant statute of limitations, relates back to the original complaint, which was timely filed and, consequently, was not time barred. Section 2—616(b) of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—616(b)), which governs amendments to pleadings and whether they relate back to the filing of the original pleadings, provides, in pertinent part:

> "(b) The cause of action *** set up in any amended pleading shall not be barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if the time prescribed or limited had not expired when the original pleading was filed, and if it shall appear from the original and amended pleadings that the cause of action asserted *** in the amended pleading grew out of the same transaction or occurrence set up in the original pleading, even though the original pleading was defective in that it failed to allege *** the existence of some fact or some other matter which is a necessary condition precedent to the right of recovery or defense asserted, if the condition precedent has in fact been performed, and for the purpose of preserving the cause of action *** set up in the amended pleading, and for that purpose only, an amendment to any pleading shall be held to relate back to the date of the filing of the original pleading so amended."

■■ ■ In Illinois, pleadings are liberally construed, and they are not intended to present, define and narrow the issues or limit the proof needed at trial. (*Swaw v. Ortell* (1984), 137 Ill. App. 3d 60, 484 N.E.2d 780.) The purpose of section 2—616(b) is to prevent a person from losing a cause of action due to technicalities. (*United Parcel Service v. Church's Fried Chicken, Inc.* (1988), 174 Ill. App. 3d 378, 528 N.E.2d 367.) In order for an amended pleading to relate back, the original pleading need not have technically stated a cause of action,

nor need the cause of action set out in the amended pleading be substantially the same as that stated in the original pleading. (*Krieger v. Village of Carpentersville* (1972), 8 Ill. App. 3d 243, 289 N.E.2d 481.) Rather, the cause of action asserted in the amended pleading must have grown out of the same transaction or occurrence set up in the original pleading. (*Zeh v. Wheeler* (1986), 111 Ill. 2d 266, 489 N.E.2d 1342.) An amended pleading grows out of the original pleading if the latter provided defendant with all of the necessary information to prepare his defense to the subsequently asserted claim. (*Weidner v. Carle Foundation Hospital* (1987), 159 Ill. App. 3d 710, 512 N.E.2d 824.) If defendant shows that the amendment hindered his ability to present his case on the merits, the court will find that he has been prejudiced and the amendment will not relate back. However, if the original complaint directed defendant's attention to the facts on which the amended claim is predicated, the court will find that he has not been prejudiced by the amendment. *United Parcel Service v. Church's Fried Chicken, Inc.* (1988), 174 Ill. App. 3d 378, 528 N.E.2d 367.

■ In a situation such as the one at bar where the amended pleading corrects an erroneous address of the location where a negligent act allegedly occurred, the pivotal question in determining whether the amended pleading relates back to the original is whether the original and amended pleadings expressed two descriptions of the same location (*Carlin v. City of Chicago* (1914), 262 Ill. 564, 104 N.E. 905) or whether each pleading described two different locations. (*Gillmore v. City of Chicago* (1906), 224 Ill. 490, 79 N.E. 596; *Zeh v. Wheeler* (1986), 111 Ill. 2d 266, 489 N.E.2d 1342.) If the pleadings express two descriptions of the same location, the amended pleading relates back to the original. (*Carlin*, 262 Ill. 564, 104 N.E. 905.) If they describe two different locations, the amended complaint sets forth a new occurrence and does not relate back. *Gillmore*, 262 Ill. 564, 79 N.E. 596; *Zeh*, 111 Ill. 2d 266, 489 N.E.2d 1342.

In *Carlin v. City of Chicago* (1914), 262 Ill. 564, 104 N.E. 905,[2] the original complaint alleged that the defendants had negligently failed to guard or to protect a large piece of boiler which had been placed on Fourteenth Street, near a plant or factory known as Thomas F. Pickham Boiler Works. After the limitations period had run, plaintiff amended her complaint by substituting the word

---

[2]Although *Carlin* and *Gillmore* preceded the Civil Practice Act of 1933, the predecessor to the Code of Civil Procedure, the supreme court recently found that both cases are relevant to the question as to whether an amended pleading grew out of the same transaction or occurrence as the original pleading. *Zeh v. Wheeler* (1986), 111 Ill. 2d 266, 489 N.E.2d 1342.

"Place" for the word "Street" in the address. In response, the City filed a plea predicated on the statute of limitations and maintained that the cause of action asserted in the amended complaint was different from that alleged in the original complaint. The *Carlin* court found that "Fourteenth Street" and "Fourteenth Place" did not refer to different localities; they were merely two descriptions of the same locality. Therefore, the amendment did not state a new cause of action. The court further reasoned that the allegation in the original complaint that the incident had occurred at or near the plant of Thomas F. Pickham Boiler Works had put defendant on notice as to the actual location of the occurrence.

By contrast, in *Gillmore v. City of Chicago* (1906), 224 Ill. 490, 79 N.E. 596, the supreme court found that changing the street name from "Princeton" in the original complaint to "Stewart" in the amended complaint changed the location of the occurrence, which, in turn, changed the act of negligence. Thus, the amended complaint did not relate back to the original. In *Gillmore*, plaintiff allegedly sustained personal injury when she stepped into a hole in a public sidewalk in the City of Chicago. The original complaint alleged that the incident took place near the intersection of Thirty-eighth Street and Princeton Avenue. After the limitations period had run, plaintiff amended her complaint by changing the street name from "Princeton" to "Stewart." Defendant then filed a plea predicated on the statute of limitations.

In holding that the negligence cause of action in the amended complaint was different from that alleged in the original pleading, the *Gillmore* court noted that the degree of care which a city was required to exercise to keep its sidewalks in a reasonably safe condition varied from location to location. Thus, the act of negligence charged as to one location is a different act of negligence as to another location.

Recently, in *Zeh v. Wheeler* (1986), 111 Ill. 2d 266, 489 N.E.2d 1342, the supreme court applied *Gillmore* to a slip-and-fall case against a private owner of a building. In *Zeh*, plaintiff was allegedly injured while descending a stairway in an apartment building. As a result, she filed a complaint against defendants, alleging that they had been negligent in their duties to operate, manage and control the apartment located at 4400 S. Wallace, resulting in plaintiff's injuries.

Following expiration of the relevant limitations period, plaintiff filed an amended complaint, changing the address of the location of the accident to 4400 S. Lowe. After several of the defendants were dismissed from the action for reasons unrelated to this analysis, the

remaining defendant moved to dismiss on the grounds that the amended pleading did not relate back to the original complaint because it stated a new and different cause of action which did not arise out of the same transaction or occurrence set forth in the original complaint. The trial court granted the motion and dismissed the cause with prejudice.

On appeal, in reliance on *Gillmore v. City of Chicago*, the *Zeh* court held that the location of the act in a negligence action is a necessary and material element and to change the location is to change the occurrence. Therefore, the amended complaint did not relate back and was time barred.

The present case is factually analogous to *Gillmore* and to *Zeh*, where the original and amended pleadings described two different locations. In the original complaint, plaintiff alleged that the accident had occurred at a building owned by defendants, located at 7127 E. 70th Place. Knowing that they did not own a building at that address, defendants moved for summary judgment. Plaintiff then amended the complaint to set forth the correct address. Although defendants were aware that a mistake had been made in the original complaint, the summary judgment motion indicates that they believed the mistake had been made as to the ownership of the building, not as to the address of the building.

Plaintiff claims that the incorrect address in the original complaint was merely a technical mistake and that it is reasonable to assume that defendants recognized the first part of the address in the original complaint, *i.e.*, 7127, as the first part of the address of a building they did own in which plaintiff was a tenant. Contrary to plaintiff's assertion, the mistaken address was not merely a technical mistake. Not only did the original complaint fail to state the correct address, it also did not allege that plaintiff was a tenant in the building at which the accident had occurred. It merely stated that he had been "lawfully on the premises." Thus, the original complaint failed to provide defendants with the necessary information to prepare their defense to the subsequent claim alleged in the amended complaint. (*Weidner v. Carle Foundation Hospital* (1987), 159 Ill. App. 3d 710, 512 N.E.2d 824.) The mere similarity of address numbers was not enough to direct defendants to the facts on which the claim was predicated. *United Parcel Service v. Church's Fried Chicken, Inc.* (1988), 174 Ill. App. 3d 378, 528 N.E.2d 367.

The situation in the present case is distinguishable from that in *Carlin v. City of Chicago* (1914), 262 Ill. 564, 104 N.E. 905, where the word "Street" was replaced by the word "Place." In *Carlin*, both the

number and street name of the address were correct in the original complaint and the original complaint also referred to an identifiable landmark. For similar reasons, the present case is also distinguishable from the exception noted in *Zeh v. Wheeler* (1986), 111 Ill. 2d 266, 489 N.E.2d 1342, and relied upon by plaintiff. The *Zeh* court noted that if there had been "other means of conveying notice of the occurrence to defendant," a clear mistake in the address set forth in the original complaint would have yielded a different result. As an example, the *Zeh* court cited to *Harastej v. Reliable Car Rental, Inc.* (D.P.R. 1972), 58 F.R.D. 197, in which the court found that an amendment correcting an address from 1020 Ashford Avenue to 1010 Ashford Avenue related back because defendant had been aware of an accident on its property located at 1010 Ashford Avenue.

In the present case, the pleadings fail to indicate any other means by which notice was conveyed to defendants of the underlying occurrence. Accordingly, because the facts alleged in the original complaint failed to put defendants on notice of the claim within the relevant statute of limitations period, we conclude that the trial court properly entered summary judgment in favor of defendants.

■ Finally, plaintiff contends that the trial court erred in reversing a previous trial court's denial of defendants' first summary judgment motion. Plaintiff bases this argument on the assertion that, at the hearing on defendants' first motion for summary judgment, defendants argued orally that they did not own or do business at the address stated in the original complaint and that plaintiff's request to file an amended complaint was barred by the statute of limitations. Plaintiff argues that the trial court's decision to deny defendants' first summary judgment motion and to allow plaintiff leave to file an amended complaint after the statute of limitations had run, "demonstrat[ed]" that the court had decided that the amended complaint related back to the original complaint. However, the record contradicts this contention. In the "Stipulated Report of Proceedings," the parties expressly agree that they are in dispute "as to whether the statute of limitations was argued during the first hearing before Judge Hooton on April 25, 1988." Therefore, plaintiff's contention has no basis in fact to warrant this court's review.

For the aforementioned reasons, the judgment of the trial court is affirmed.

Affirmed.

O'CONNOR and MANNING, JJ., concur.