DWAYNE ERIC DIGBY, Plaintiff-Appellant, v. CHICAGO PARK DISTRICT, Defendant-Appellee.

First District (2nd Division)   No. 1—91—1740

Opinion filed December 8, 1992.

Susan E. Loggans & Associates, of Chicago (Susan E. Loggans and David S. Adduce, of counsel), for appellant.

Nelson A. Brown, Jr., of Chicago, for appellee.

JUSTICE McCORMICK delivered the opinion of the court:

Plaintiff appeals from the entry of an order granting defendant's motion to strike and dismiss plaintiff's second-amended complaint.

On April 10, 1990, plaintiff filed a one-count complaint alleging that the City of Chicago was negligent and that he suffered injuries as a result. On June 22, 1990, plaintiff amended his complaint by adding count II wherein he alleged that the Chicago Park District was negligent. In count II, plaintiff alleged that on June 26, 1986, he was "electrocuted [received an electric shock and sustained nonfatal injuries]" by an unmarked exposed primary electrical cable owned and maintained by defendant. Plaintiff alleged that the accident occurred after he entered a manhole on Jackson Boulevard near the intersection of Jackson Boulevard and Throop Street in Chicago, Illinois.

On September 13, 1990, plaintiff informed defendant in his answers to defendant's interrogatories that the precise location of the alleged occurrence was the manhole located at the northwest corner of the intersection of Jackson Boulevard and Laflin Street in Chicago, Illinois.

On September 20, 1990, plaintiff filed his one-count second-amended complaint alleging that the Park District alone had negligently caused his injury. In his second-amended complaint, plaintiff described the location of the occurrence as near the intersection of Jackson Boulevard and Laflin Street, rather than Throop Street. Laflin Street is a distance of two blocks from Throop Street.

On December 3, 1990, defendant filed a motion to strike and dismiss plaintiff's second-amended complaint with prejudice pursuant to sections 2—616(b) and 2—619(a)(5) of the Illinois Code of Civil Procedure. (Ill. Rev. Stat. 1989, ch. 110, pars. 2—616(b), 2—619(a)(5).) The second-amended complaint was filed after the one-year statute of limitations under section 8—101 of the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) had expired. (Ill. Rev. Stat. 1989, ch. 85, par. 8—101.) Pursuant to defendant's motion, the trial court dismissed the second-amended complaint with prejudice.

On appeal, plaintiff contends that (1) the precise location where he suffered an injury is not a material element in a cause of action for negligence; and (2) his second-amended complaint related back to the time of filing of his first-amended complaint in that both complaints described the same occurrence.

We affirm the decision of the trial court that the precise location of the occurrence is a material element in a cause of action for negligence and that plaintiff's second-amended complaint described a different occurrence from that described in plaintiff's first-amended complaint.

■ Plaintiff contends that the precise location of the manhole where the accident occurred is not material to his cause of action because the present case is not a slip-and-fall case. He claims that the Illinois Supreme Court has held that the precise location of an accident is a material element only in slip-and-fall cases, citing to *Wolf v. Meister-Neiberg, Inc.* (1991), 143 Ill. 2d 44, 570 N.E.2d 327, and *Zeh v. Wheeler* (1986), 111 Ill. 2d 266, 489 N.E.2d 1342. *Wolf* and *Zeh* were slip-and-fall cases where the courts held that the locations of the accidents were material to plaintiffs' cause of action. The *Zeh* court stated that the importance of location as discussed in *Gillmore v. City of Chicago* (1906), 224 Ill. 490, 79 N.E. 596, "applies with equal force in a slip-and-fall case where the alleged negligence arises from the failure to maintain premises in a reasonably safe manner." (*Zeh*, 111 Ill. 2d at 275.) In *Gillmore*, plaintiff stepped into a hole in the sidewalk. She did not slip and fall. *Zeh* does not expressly limit its holding to slip-and-fall cases. Plaintiff's contention that the precise location

where the accident occurred is not material to his cause of action is without merit. As plaintiff asserts, the court held in *Wolf* and *Zeh* that location is material to plaintiff's cause of action in a slip-and-fall case. However, there is no basis to infer from these cases that in nonslip-and-fall cases, location is not material. Plaintiff's contention is illogical, contrary to the pronouncements in the *Gillmore* case and unsupported by the citing of any authority whatsoever. The location where the accident occurred is material in cases where the alleged negligence arises from the failure to maintain premises in a reasonably safe manner. Plaintiff's allegations fall squarely within this category and location is material. Defendant is entitled to a notice that affords an opportunity to investigate and defend.

■■ Plaintiff's next contention is that his second-amended complaint filed on September 20, 1990, relates back to the time of filing of his first-amended complaint, filed within the statutory statute of limitations. Section 2—616(b) of the Illinois Code of Civil Procedure permits the relation back of an amended pleading to avoid the impact of statutes of limitations if two requirements are met: (1) the original pleading was timely filed; and (2) the original and amended pleadings indicate that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading. (*Zeh*, 111 Ill. 2d at 271.) "An amended pleading grows out of the original pleading if the latter provided defendant with all of the necessary information to prepare his defense to the subsequently asserted claim." *Cannon v. Bryant* (1990), 196 Ill. App. 3d 891, 895, 554 N.E.2d 489.

There is no dispute that the first-amended complaint was timely filed. The conflict arises as to whether the second-amended complaint indicates a cause of action asserted in and growing out of the same occurrence as in the first-amended complaint. Defendant argues that plaintiff's second-amended complaint does not relate back to his amended complaint because his second-amended complaint grew out of an occurrence different than that alleged in his first-amended complaint. The crucial question is whether the first-amended and the second-amended pleadings involved two descriptions of the same location or in fact describe separate and different locations. (*Cannon*, 196 Ill. App. 3d at 895.) "If the pleadings express two descriptions of the same location, the amended pleading relates back to the original." (*Cannon*, 196 Ill. App. 3d at 895, citing *Carlin v. City of Chicago* (1914), 262 Ill. 564, 104 N.E. 905.) "If they describe two different locations, the amended complaint sets forth a new occurrence and does

not relate back." *Cannon,* 196 Ill. App. 3d at 895, citing *Gillmore v. City of Chicago* (1906), 224 Ill. 490, 79 N.E. 596.

Plaintiff in *Gillmore* sued to recover for injuries she sustained when she fell into a hole and alleged in her complaint that it happened at 38th and Princeton. After the statute of limitations had run, plaintiff was allowed to amend her complaint and changed the name of the street from "Princeton" to "Stewart." Defendant pled the statute of limitations as a defense. The court held that the negligence cause of action in the amended complaint was different from that alleged in the original complaint. The *Gillmore* court went on to explain that the degree of care necessary for a city to keep its sidewalks in a reasonably safe condition differed based on location. *Gillmore,* 224 Ill. at 494.

*Gillmore* was recently applied in *Zeh,* where that plaintiff brought a negligence action against landlords for injuries she sustained while descending a stairway in an apartment building. The plaintiff claimed that the accident occurred at 4400 South Wallace in Chicago. After the statute of limitations ran, plaintiff amended her complaint and changed the location of the accident from 4400 South Wallace to 4400 South Lowe. Wallace and Lowe are two blocks apart. The court affirmed the trial court's dismissal of plaintiff's complaint in that the amended complaint changed the location of the accident and thereby described a different occurrence.

After the statute of limitations had run, plaintiffs in *Cannon* were allowed to amend their complaint to correct an erroneous address. The address was changed from 7127 East 70th Place, Chicago, to 7127 South Wabash, Chicago. Defendants filed a motion for summary judgment and relied on *Zeh* to argue that the change of address of the premises in the amended complaint set forth a new occurrence, and thus, plaintiff's amended complaint did not relate back to the original complaint and was time barred. The trial court granted defendant's motion, and the appellate court affirmed the trial court.

The facts in the present case are most analogous to *Gillmore, Zeh* and *Cannon.* Plaintiff described the location of the accident from near the intersection of Jackson Boulevard and Throop Street to near the intersection of Jackson Boulevard and Laflin Street. The first-amended complaint and the second-amended complaint did not give two descriptions of the same location, but respectively gave descriptions of different locations. The second-amended complaint does not relate back to the first-amended complaint and is time barred.

■ As his final argument, plaintiff contends that defendant had notice of the precise location of the occurrence prior to the running of

the statute of limitations. Therefore, the requirement that defendant be informed of the precise location of the occurrence is satisfied. The instant case is unlike *Wolf*. In the *Wolf* case, the defendants were aware of the precise location of the accident site before the statute of limitations ran. Those defendants were given notice through (1) the deposition testimony of plaintiff; (2) the deposition testimony of a foreman involved in the accident site; (3) the deposition testimony of another worker at the accident site; and (4) documents regarding the construction project which referred to the correct location and which were produced pursuant to production requests.

There is nothing in the record in the present case to support a conclusion that defendant had notice of the precise location of the occurrence prior to the running of the statute of limitations. Plaintiff cites to statements allegedly made by two of his co-workers in support of his position. However, those statements are not part of the record, were not considered by the trial court and cannot be considered by us.

For the foregoing reasons, we affirm the judgment of the trial court.

Affirmed.

HARTMAN, P.J., and SCARIANO, J., concur.