NORMAN G. DOHERTY *et al.*, Plaintiffs-Appellants, v. CUMMINS-ALLISON CORPORATION *et al.*, Defendants-Appellees.

First District (1st Division)   No. 1—92—0092

Opinion filed December 20, 1993.

James A. Corrigan, Ltd., of Chicago, for appellants.

Cassiday, Schade & Gloor and Landau, Omahana & Kopka, Ltd., both of Chicago (Timothy J. Ashe, Susan E. Conner, and Morgan A. Milne, of counsel), for appellees.

JUSTICE BUCKLEY delivered the opinion of the court:

Plaintiffs, Norman G. Doherty and his wife, Kelly G. Doherty, brought an action against defendants, Cummins-Allison Corporation (Cummins) and Rauenhorst Corporation (Rauenhorst), seeking damages for injuries sustained when Norman allegedly fell while on the premises of Cummins' plant. The trial judge granted defendants' motions to dismiss pursuant to sections 2—616(b) and 2—619(a)(5) of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, pars. 2—616(b), 2—619(a)(5) (now 735 ILCS 5/2—616(b), 5/2—619(a)(5) (West 1992))) on the grounds that plaintiffs' action was time barred because their second-amended complaint did not relate back to the filing of the original complaint and the applicable statute of limitations period had expired. Plaintiffs filed a timely notice of appeal to this court. On appeal, plaintiffs argue that the trial judge erred in finding that their

second-amended complaint did not relate back to the timely filing of the original complaint.

On January 6, 1988, plaintiffs filed their original four-count complaint against defendants. Plaintiffs alleged that, on January 8, 1986, Norman fell and sustained serious and permanent injuries while on Cummins' plant premises located at 891 Feehanville Drive in Mount Prospect, Illinois. Counts I and II were directed at Cummins and alleged that Cummins was negligent in its ownership, operation, maintenance and control of a certain *loading dock* on the plant premises. Plaintiffs further alleged that Norman's fall and injuries were the direct and proximate result of one or more of the following negligent acts or omissions committed by Cummins:

"(a) Permitted breaks and depressions to exist in the area of said loading docks;

(b) Permitted said loading dock to have an excessive degree of slope;

(c) Negligently and carelessly failed to maintain the dock premises and permitted the dock premises to become in a state of disrepair;

(d) Was otherwise careless and negligent in the ownership and maintenance of said loading dock premises."

Counts III and IV were directed at Rauenhorst and alleged that Rauenhorst was negligent in its construction of the dock premises. Plaintiffs alleged that Norman's fall and injuries were the direct and proximate result of one or more of the following negligent acts or omissions committed by Rauenhorst:

"(a) Built and constructed said dock premises with an excessive degree of slope;

(b) Built and constructed said dock premises with improper and unsuitable materials which were prone to break;

(c) Was otherwise careless and negligent in the building and constructing of the dock premises."

On January 23, 1991, plaintiffs filed a first-amended complaint. On April 1, 1991, Cummins filed a motion to dismiss plaintiffs' first-amended complaint pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—619 (now 735 ILCS 5/2—619 (West 1992))) on the ground that the amended complaint alleged negligence in the maintenance of the parking lot and the parking lot lights and, therefore, set forth a cause of action growing out of a different occurrence and conduct than the original complaint which alleged negligence in the maintenance of the loading dock. On May 23, 1991, prior to ruling on Cummins' motion, the judge allowed plaintiffs to file a second-amended complaint *instanter*.

Counts I and II of plaintiffs' second-amended complaint alleged

that Cummins was negligent in its ownership, operation, maintenance and control of a certain *loading dock and parking lot* area located at 891 Feehanville Drive. The second-amended complaint further alleged that Norman's fall and injuries were the direct and proximate result of one or more of the following acts or omissions committed by Cummins:

"(a) Permitted breaks and depressions to exist in the area of said loading dock/parking lot area;

(b) Permitted depressions to exist which caused unnatural accumulations of ice in the loading dock/parking lot area;

(c) Negligently and carelessly failed to maintain the lights in the loading dock/parking lot area and permitted certain lights to become burned out and as a result thereof, the lighting in the loading dock/parking lot area was inadequate for Plaintiff to see and discover the presence of the hazardous unnatural accumulations of ice and depressions;

(d) Was otherwise careless and negligent in the ownership and maintenance of the said loading dock/parking lot area."

Counts III and IV of plaintiffs' second-amended complaint alleged that Rauenhorst was negligent in the design and construction of the *loading dock and the parking lot* area of Cummins' plant and it attributed one or more of the following negligent acts or omissions to Rauenhorst:

"(a) Designed and constructed the loading dock/parking lot area with an insufficient amount of base material and an insufficient [sic] of Bituminous material so that as a result thereof, the loading dock/parking lot area developed depressions which in turn caused unnatural accumulations of ice;

(b) Designed and constructed the loading dock/parking lot area with improper and unsuitable materials which were prone to break;

(c) Was otherwise careless and negligent in the design and construction of the loading dock/parking lot area."

On May 30, 1993, Cummins filed a section 2—619 motion to dismiss plaintiffs' second-amended complaint. Cummins again argued that plaintiffs' second-amended complaint did not relate back to their original complaint and, therefore, was time barred under section 2—619(a)(5) of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—619(a)(5) (now 735 ILCS 5/2—619(a)(5) (West 1992))) because the allegations in the *second-amended complaint* which referred to the parking lot and the parking lot lights concerned different conduct by different persons than did the allegations in the original complaint which concerned the maintenance of the loading dock. Subsequently, Rauenhorst adopted Cummins' motion to dismiss as its own.

On December 5, 1991, the trial judge held a hearing on defendants' motions to dismiss. At the conclusion of the hearing, the trial judge granted defendants' motions to dismiss plaintiffs' second-amended complaint with prejudice. The judge reasoned that the various complaints did not describe the same location. On January 3, 1992, plaintiffs filed a timely notice of appeal.

It is uncontested that plaintiffs' original complaint was filed within the two-year statute of limitations applicable to personal injury actions. (Ill. Rev. Stat. 1991, ch. 110, par. 13—202 (now 735 ILCS 5/13—202 (West 1992)).) Additionally, both parties agree that plaintiffs' second-amended complaint is barred by the limitations period if it does not relate back to the timely filing of the original complaint. Plaintiffs contend that the trial judge erred when she ruled that their second-amended complaint did not relate back to the timely filing of their original complaint and, therefore, was barred by the applicable statute of limitations period. Plaintiffs assert that their second-amended complaint grew out of the same transaction or occurrence which was set up in the original pleading and did not prejudice defendants' opportunity to investigate and prepare a defense to the claim. They argue that the reference in their second-amended complaint to "the loading dock/parking lot area" is simply another description of the area described in the original complaint as "the loading dock premises." They point out that at all time they alleged the address of the location of the incident to be 891 Feehanville Road in Mount Prospect, Illinois. Plaintiffs maintain, therefore, that defendants' motions to dismiss are "in reality a hyper-technical battle over semantics."

Defendants, on the other hand, contend that the parking lot and the loading dock are two different locations and do not become the same location simply by describing them as "the loading dock/parking lot area." Defendants maintain that their investigation focused on the maintenance, repair and design of the loading dock since the parking lot was not mentioned in the original complaint. They assert that they will be unduly prejudiced if the second-amended complaint is allowed because they had no notice they should investigate or preserve evidence regarding the parking lot or parking lot area. Additionally, defendants assert that the allegations of the second-amended complaint seek to hold them liable for conduct wholly different from that alleged in the original complaint.

■ Section 2—616(b) of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—616(b) (now 735 ILCS 5/2—616(b) (West 1992))) provides that a cause of action set up in an amended pleading which was filed after the expiration of the applicable statute of limitations

period will be held to relate back to the date of the filing of the original pleading if (a) the original pleading was timely filed, and (b) the original and amended pleadings show that the cause of action asserted in the amended pleading "grew out of the same transaction or occurrence set up in the original pleading." (*Wolf v. Meister-Neiberg, Inc.* (1991), 143 Ill. 2d 44, 46, 570 N.E.2d 327, 329.) Section 2—616(b) is to be liberally construed so that controversies can be determined according to the substantive rights of the parties. (*Whitney v. City of Chicago* (1987), 155 Ill. App. 3d 714, 718, 508 N.E.2d 293, 296; see also Ill. Rev. Stat. 1991, ch. 110, par. 2—616(b) (now 735 ILCS 5/2—616(b) (West 1992)).) This section is intended "to prevent a person from losing a cause of action due to technicalities." (*Cannon v. Bryant* (1990), 196 Ill. App. 3d 891, 894, 554 N.E.2d 489, 491.) The rationale behind this rule is that " 'a defendant has not been prejudiced so long as his attention was directed, within the time prescribed or limited, to the facts that form the basis of the claim asserted against him.' " *Zeh v. Wheeler* (1986), 111 Ill. 2d 266, 273, 489 N.E.2d 1342, 1345, quoting *Simmons v. Hendricks* (1965), 32 Ill. 2d 489, 495, 207 N.E.2d 440, 443.

■ At the same time, the purpose of a statute of limitations is " 'to afford a defendant a fair opportunity to investigate the circumstances upon which liability against him is predicated while the facts are accessible.' " (*Zeh,* 111 Ill. 2d at 282-83, 489 N.E.2d at 1350, quoting *Geneva Construction Co. v. Martin Transfer & Storage Co.* (1954), 4 Ill. 2d 273, 289-90, 122 N.E.2d 540, 549.) "[A] defendant should not be required to defend against stale claims of which he had no notice or knowledge." (*Zeh,* 111 Ill. 2d at 274, 489 N.E.2d at 1345.) Consequently, section 2—616(b) strikes a balance whereby an amended pleading is deemed to have grown out of the original complaint if "the latter provided defendant with all of the necessary information to prepare his defense to the subsequently asserted claim." *Cannon,* 196 Ill. App. 3d at 895, 554 N.E.2d at 491.

■ Additionally, the Illinois Supreme Court has held that the location of an injury in a personal injury suit is a material element in such an action and that a complaint setting forth an incorrect location cannot be amended after the running of the statute of limitations (*Zeh,* 111 Ill. 2d at 276, 489 N.E.2d at 1347) unless defendants had notice of the correct location of the occurrence prior to the expiration of the limitations period such that defendants "were plainly not prejudiced by the amended pleading." (*Wolf,* 143 Ill. 2d at 47-48, 570 N.E.2d at 329.) The supreme court has accepted the argument that "to change the location is to change the occurrence" (*Zeh,* 111 Ill. 2d at 271, 489 N.E.2d at 1344) and thus introduce a new

cause of action not alleged in the original complaint. *Zeh*, 111 Ill. 2d at 276, 489 N.E.2d at 1346.

However, although it is fatal to a cause of action to change the location of an occurrence in an amended pleading filed after the limitations period has expired, it is not improper to use an alternative description of the same location. (*Zeh*, 111 Ill. 2d at 276-77, 489 N.E.2d at 1347; *Carlin v. City of Chicago* (1914), 262 Ill. 564, 572, 104 N.E. 905, 909.) Thus, "[i]f the pleadings express two descriptions of the same location, the amended pleading relates back to the original." (*Cannon*, 196 Ill. App. 3d at 895, 554 N.E.2d at 492; *Carlin*, 262 Ill. at 572, 104 N.E. at 909.) "If they describe two different locations, the amended complaint sets forth a new occurrence and does not relate back." *Cannon*, 196 Ill. App. 3d at 895, 554 N.E.2d at 492; *Gillmore v. City of Chicago* (1906), 224 Ill. 490, 493, 79 N.E. 596.

In *Digby v. Chicago Park District* (1992), 240 Ill. App. 3d 88, 608 N.E.2d 116, *Zeh v. Wheeler* (1986), 111 Ill. 2d 266, 489 N.E.2d 1342, *Cannon v. Bryant* (1990), 196 Ill. App. 3d 891, 554 N.E.2d 489, and *Gillmore v. City of Chicago* (1906), 224 Ill. 490, 79 N.E. 596, it was held that a plaintiff's amended complaint which changed the location of the occurrence effectively changed the occurrence and thus did not relate back to the date of the filing of the original complaint. In *Digby*, plaintiff amended his complaint and changed the description of the location of the accident from near the intersection of Jackson Boulevard and Throop Street to near the intersection of Jackson Boulevard and Laflin Street. In *Cannon*, plaintiff amended his complaint to change the address of the occurrence from 7127 East 70th Place, Chicago, to 7127 South Wabash, Chicago. In *Zeh*, plaintiff changed the location of the occurrence from 4400 South Wallace to 4400 South Lowe. Finally, in *Gillmore*, plaintiff changed the name of the street location from "Princeton Avenue" to "Stewart Avenue." In all these cases, the court held that the amended complaint effectively stated a new and different cause of action than was set forth in the original complaint.

In *Carlin v. City of Chicago* (1914), 262 Ill. 564, 104 N.E. 905, however, the court held that plaintiff did not introduce a new cause of action by amending her complaint to identify the location of the accident from "Fourteenth Street" to "Fourteenth Place." The *Carlin* court noted that in both the original complaint and the amended complaint plaintiff alleged that the location was "near the plant or factory known as the Thomas F. Pickham Boiler Works, in the city of Chicago." Thus, since there was only one Thomas F. Pickham Boiler Works, defendants had sufficient notice of the location of the occurrence. Additionally, the court reasoned that "place" is a more

specific term which is included in the generic term "street." Therefore, plaintiff did not describe two different locations, but rather gave two descriptions of the same location.

In this case, plaintiff identified the location of the accident in his original complaint as "a certain loading dock located at 891 Feehanville Drive." He also alleged that defendants' acts of negligence occurred on the "dock premises." In his second-amended complaint, however, he identified the place of the accident as "a certain loading dock and parking lot area located at 891 Feehanville Drive." He also asserted in his amended complaint that defendants' alleged acts of negligence occurred in the "loading dock/parking lot area."

Clearly, the "loading dock" and the "parking lot" are two different locations. Cars are parked in the parking lot and not in the loading dock. Likewise, objects are loaded and unloaded in the loading dock and not in the parking lot. The situation presented in this case is unique, however, in that it does not fall squarely within any of the above-cited precedents. Unlike in *Gillmore* and its progeny, plaintiff has not changed the location of the accident from the loading dock to the parking lot, he has expanded the location to include the parking lot. Similarly, unlike in *Carlin*, plaintiff has not become more specific in his allegations, he has become more general. Had plaintiffs initially alleged that the accident occurred in the "loading dock/ parking lot area," they clearly could have subsequently amended to allege more specifically that it occurred in either the parking lot or the loading dock. It would be unfair to defendants, however, to allow plaintiffs to allege a more general area. Although a plaintiff need not state with particularity the exact location of an occurrence, if he does, he is held to prove the allegations as made. *Carlin*, 262 Ill. at 571, 104 N.E. at 908-09.

■ We hold, therefore, that, to the extent plaintiffs have alleged that the accident occurred in the area of the loading dock, they have not changed the location or the occurrence. Prior to the expiration of the limitations period, defendants were on notice that the loading dock was the alleged *location of the occurrence* and, consequently, were not prejudiced. On the other hand, prior to the running of the limitations period, defendants were not on notice that the accident may have occurred in the parking lot. This was necessary information which the defendants needed to prepare their defenses. (*Cannon*, 196 Ill. App. 3d at 895, 554 N.E.2d at 491.) Therefore, defendants would be prejudiced if plaintiffs were allowed to expand the location of the occurrence to include the parking lot. Consequently, plaintiffs have not alleged a different location or occurrence to the extent they allege the accident occurred on the loading dock premises. Defendants

would be unfairly prejudiced, however, if plaintiffs are allowed to allege that the accident happened in the parking lot because defendants had no notice that they should investigate or preserve evidence regarding the parking lot area.

Defendants also contend that, even assuming that plaintiffs' action was improperly dismissed on the grounds that the pleadings identified two different locations, plaintiffs' action should still be dismissed because the allegations of negligence in the amended complaint were completely different from the allegations of negligence in the original complaint. Relying upon *Smetzer v. County of La Salle* (1977), 53 Ill. App. 3d 741, 368 N.E.2d 933, defendants assert that these new allegations seek to hold them liable for conduct different from that alleged in the original complaint and, therefore, set up an action growing out of a different occurrence.

In *Smetzer*, plaintiff was severely injured when her car slid out of control and crashed as she was driving home from work. She alleged that defendants negligently deposited calcium chloride onto the pavement, causing her car to slide out of control. During trial, plaintiff sought to amend her complaint by adding allegations that defendants were negligent in failing to cut weeds and brush along the west side of the road. The trial judge refused to allow the plaintiff to amend on the ground that the proposed allegations stated a new cause of action which was barred by the statute of limitations.

The appellate court affirmed. The court concluded that the proposed allegations actually set up a different cause of action growing out of a *different occurrence* than the allegations in the original complaint. The *Smetzer* court stated:

> "[T]he failure to cut weeds involves totally different conduct by different persons at a different time and a different place than the depositing of a hazardous substance on the highway. Defendants can properly claim surprise where they did not have notice prior to the expiration of the statute of limitations that plaintiff was seeking to recover damages caused by an obstruction of Chapman's view." (*Smetzer*, 53 Ill. App. 3d at 745, 368 N.E.2d at 936.)

Therefore, the *Smetzer* court reasoned that, since defendants did not have an opportunity to preserve evidence concerning the alleged visual obstruction caused by the weeds as they were on the date of the accident, the amended complaint did not relate back to the date of the filing of the original complaint.

In this case, plaintiffs alleged in their initial complaint that Cummins was liable for (a) permitting breaks and depressions to exist in the area of the loading docks; (b) permitting the loading dock to have an excessive degree of slope; (c) failing to maintain the dock premises

and permitting the dock premises to become in a state of disrepair; and (d) being otherwise careless and negligent in the ownership and maintenance of the loading dock premises. If we strike all references to the parking lot in plaintiffs' second-amended complaint, plaintiffs asserted that Cummins' acts of negligence consisted of: (a) permitting breaks and depressions to exist in the area of the loading dock; (b) permitting unnatural accumulations of ice to form in the depressions in the loading dock; (c) failing to maintain the lights in the loading dock and permitting the lights to burn out, resulting in inadequate lighting for plaintiff to see the hazardous unnatural accumulations of ice and depressions in the loading dock; and (d) being otherwise careless and negligent in the ownership and maintenance of the loading dock.

The averments of negligence in allegation (a) of plaintiffs' amended complaint are identical to the same assertions in the original complaint and thus relate back. We also believe that the allegations in the original complaint asserting negligence in the maintenance of the loading dock were sufficient to encompass allegation (b) in the amended complaint, which asserted that Cummins negligently permitted unnatural accumulations of ice to form in the depressions in the loading dock. Following *Smetzer*, however, we hold that plaintiffs' assertions against Cummins in their amended complaint which alleged negligence in allowing the lights to burn out set up a cause of action growing out of a different occurrence than the allegations in the original complaint. Allowing the lights to burn out involves different conduct by different persons at different times than permitting the dock to have an excessive degree of slope or allowing it to fall into a state of disrepair. Most importantly, plaintiffs' failure to allege these acts of negligence in their initial complaint prevented defendants from discovering prior to the expiration of the statute of limitations that plaintiffs sought to recover damages caused by the alleged burned out lights. Thus, defendants had no opportunity to preserve evidence or investigate these new allegations of negligence in a timely manner.

As far as the allegations of negligence against Rauenhorst, plaintiffs alleged in their original complaint that it (a) constructed the dock premises with an excessive degree of slope; (b) constructed the dock premises with improper and unsuitable materials which were prone to break; and (c) were otherwise careless and negligent in the construction of the dock premises. Again, striking all references to the parking lot, plaintiffs' allegations of negligence against Rauenhorst in their second-amended complaint consisted of: (a) constructing the loading dock with an insufficient amount of base material and

bituminous material such that as a result the dock developed depressions which caused unnatural accumulations of ice to form; (b) constructing the loading dock with improper and unsuitable materials which were prone to break; and (c) being otherwise careless and negligent in the design and construction of the loading dock.

Although plaintiffs dropped the allegation regarding the slope of the loading dock, we hold that the additional allegations in the amended complaint were not different, but more specific. Therefore, the allegations of negligence alleged in the amended complaint did not introduce a new cause of action growing out of a different occurrence.

Consequently, if plaintiffs believe they can prevail, they should be permitted to amend their complaint and proceed against defendants on the allegation that the occurrence took place in the area of the loading dock. However, any allegations that the accident occurred in the parking lot are untimely and should be stricken as barred by the statute of limitations. Additionally, in regard to the allegations of negligence against Cummins, the allegations that Cummins was negligent in allowing the lights to burn out set up an action growing out of a different occurrence and should not be allowed. The allegations of negligence against Rauenhorst, however, were merely more specific than the allegations in the initial complaint. Therefore, plaintiffs should be allowed to plead those acts against Rauenhorst in their amended complaint.

For the foregoing reasons, we reverse the judgment of the circuit court of Cook County and remand for proceedings consistent with this opinion.

Reversed and remanded.

MANNING, P.J., and CAMPBELL, J., concur.