MARJORIE K. PIERCE, Widow of Charles L. Pierce, Deceased, Plaintiff-Appellant, v. JOE KEIM BUILDERS, INC., Defendant-Appellee.

First District (6th Division)   No. 1—93—3500

Opinion filed July 21, 1995.

Halfpenny, Hahn, Roche & Marchese, of Chicago (Thomas E. Roche, of counsel), for appellant.

Fuqua, Winter, Stiles & Anderson, of Waukegan (William P. Anderson, of counsel), for appellee.

JUSTICE ZWICK delivered the opinion of the court:

Plaintiff, Marjorie K. Pierce, brought an action under the Structural Work Act (740 ILCS 150/1 *et seq.* (West 1992)), seeking recovery for the wrongful death of her husband. The trial court dismissed plaintiff's amended complaint against defendant, Joe Keim Builders, Incorporated, finding that the claim asserted in the amended pleading was barred because it was not presented until after expiration of the applicable statute of limitations. Plaintiff has appealed, contending that the trial court erred in finding that the amended complaint did not relate back to the timely filing of her initial complaint.

Plaintiff is the surviving spouse of Charles L. Pierce, a carpenter, who was injured on May 19, 1986, when he fell from a scaffold while working on a siding crew. On May 25, 1986, Pierce died as a result of the injuries sustained in the fall on May 19, 1986. Plaintiff brought suit against defendant on July 30, 1987, asserting a claim under the Illinois Structural Work Act. 740 ILCS 150/1 *et seq.* (West 1992).

In her initial complaint, plaintiff alleged that Pierce was injured while working at lot 48 of the Maryknoll subdivision in Glen Ellyn, Illinois. The complaint alleged that defendant was in charge of the

work at the site where Pierce was injured and that defendant willfully violated certain provisions of the Structural Work Act.

Pretrial discovery established the following facts.

Defendant Keim Builders was the general contractor for the homes built at both lot 48 of the Maryknoll subdivision and lot 20 of the Sunnybrook Farms subdivision. Overstreet Construction Company, Pierce's employer, was the carpentry subcontractor for most, if not all, of the homes built by Keim Builders at the Maryknoll and the Sunnybrook subdivisions, including the homes built on lots 48 and 20. The Sunnybrook Farms subdivision and the Maryknoll subdivision abut one another, but have no through streets. The driving distance between lot 48 in the Maryknoll subdivision and lot 20 in the Sunnybrook Farms subdivision is approximately one-half mile.

At the time of his fall on May 19, 1986, Pierce was working with two other carpenters, Robin David and Edward Natonski. Robin David executed an affidavit on May 26, 1993, in which he averred that the accident happened at lot 20 of the Sunnybrook Farms subdivision in Glen Ellyn, Illinois. Edward Natonski testified at his discovery deposition on April 29, 1992, that he believed the accident happened in the Sunnybrook Farms subdivision.

Michael T. Reid, one of plaintiff's attorneys, executed an affidavit which attested that he interviewed Robin David and Edward Natonski, who both told him that the accident occurred at lot 48 of the Maryknoll subdivision.

The plaintiff testified at her discovery deposition on December 12, 1990, that her husband was working at the Maryknoll subdivision when he fell from the scaffold. Plaintiff also executed an affidavit on July 2, 1993, which stated that it was always her understanding and belief that her husband was working at the Maryknoll subdivision on the date of his accident. Plaintiff acknowledged, however, that she signed an insurance claim form dated July 5, 1986, in which she stated that the accident occurred at lot 20 of the Sunnybrook Farms subdivision. This form was discovered in 1993, three years after the statute of limitations had expired, when Casualty Insurance Company produced its workers' compensation case file. Plaintiff's affidavit attested that she had no firsthand knowledge of where the accident occurred, and no recollection as to where she obtained the information included in the insurance claim form which indicated that the accident occurred at lot 20 of the Sunnybrook Farms subdivision.

At the time of the accident, Jack Kersch was defendant's superintendent at the Maryknoll subdivision, and Howard Belcher was defendant's superintendent at the Sunnybrook Farms subdivision. Jack Kersch testified at his discovery deposition that he supervised

the construction of approximately 6 of the 12 homes built by defendant in the Maryknoll subdivision. Kersch did not know Pierce and did not learn of the accident until several days later when he heard that someone had fallen but was okay. Kersch was the supervisor for lot 48, but he did not know on which lot the accident had occurred. Howard Belcher resigned from defendant's employ and moved to New York shortly after the accident and was never deposed.

On March 31, 1993, the trial court granted plaintiff's motion for leave to file an amended complaint. Plaintiff's amended complaint deleted any reference to the lot number or subdivision where Pierce was working on May 19, 1986. The amended complaint alleged only that the work site was located in Glen Ellyn, Illinois, that Keim Builders had charge of the work, and that Keim Builders willfully violated the Structural Work Act.

Defendant filed a motion to dismiss on April 21, 1993, which asserted that plaintiff's amended complaint was barred by the applicable four-year statute of limitations because the amended complaint alleged a new cause of action arising out of a different occurrence than that alleged in plaintiff's initial complaint. The trial court granted defendant's motion to dismiss on June 8, 1993, and plaintiff's motion to reconsider was denied on September 2, 1993. On appeal, plaintiff challenges the trial court's dismissal of her amended complaint.

It is undisputed that the original complaint was timely filed. Consequently, the sole question raised on appeal is whether the amended complaint related back to the timely filing of plaintiff's original complaint.

■ Section 2—616(b) of the Code of Civil Procedure provides that a cause of action alleged in an amended complaint filed after the expiration of the limitations period will relate back to the filing of the original complaint if (1) the original pleading was timely filed, and (2) the original and amended pleadings indicate that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading. See 735 ILCS 5/2—616(b) (West 1992); *Wolf v. Meister-Neiberg, Inc.* (1991), 143 Ill. 2d 44, 46, 570 N.E.2d 327; *Zeh v. Wheeler* (1986), 111 Ill. 2d 266, 270-71, 489 N.E.2d 1342.

■ In ascertaining whether the amended pleading relates back to the filing of the initial pleading, the focus is not on the nature of the causes of action, but is on the identity of the transaction or occurrence. (*Zeh*, 111 Ill. 2d at 272-73; *Weber v. Cueto* (1993), 253 Ill. App. 3d 509, 516, 624 N.E.2d 442.) The "same transaction or occurrence rule" is founded upon the belief that if the defendant has been made

aware of the occurrence or transaction which is the basis for the claim, he will be able to defend against the plaintiff's claim, whatever theory it may be predicated upon. (*Zeh*, 111 Ill. 2d at 279; *Weber*, 253 Ill. App. 3d at 516.) Thus, an amended complaint relates back only when the original complaint supplies defendant with all of the information necessary to prepare the defense to the claim asserted in the amended pleading. (*Cannon v. Bryant* (1990), 196 Ill. App. 3d 891, 895, 554 N.E.2d 489; *Digby v. Chicago Park District* (1992), 240 Ill. App. 3d 88, 91-92, 608 N.E.2d 116.) The rationale for this rule is that a defendant will not be prejudiced so long as his attention has been directed within the limitations period to the facts that form the basis of the claim asserted against him. *Zeh*, 111 Ill. 2d at 273, citing *Simmons v. Hendricks* (1965), 32 Ill. 2d 489, 495, 207 N.E.2d 440; *Doherty v. Cummins-Allison Corp.* (1993), 256 Ill. App. 3d 624, 629, 628 N.E.2d 731.

In *Zeh v. Wheeler* (1986), 111 Ill. 2d 266, 489 N.E.2d 1342, the Illinois Supreme Court considered whether an amended complaint which changed the location of the plaintiff's accident related back to the filing of the original pleading for purposes of complying with the statute of limitations. The supreme court held that the allegation of a different address in the amended pleading rendered the incident a separate and distinct occurrence and, consequently, a separate and distinct cause of action. (*Zeh*, 111 Ill. 2d at 275.) The supreme court's decision was founded upon its determination that the correct location of the accident was a material element in the original pleading. (*Zeh*, 111 Ill. 2d at 276.) Because the cause of action alleged in the amended pleading was not filed until after the applicable statute of limitations had expired, the plaintiff's claim was barred. *Zeh*, 111 Ill. 2d at 277-78.

■ Plaintiff argues that the decision in *Zeh* is not controlling because that case involved an action based upon premises liability. We find this argument unpersuasive, and we hold that claims asserted under the Structural Work Act are analogous to those brought under the theory of premises liability. As such, the nature of the claim asserted in the instant case is similar to the cause of action brought by the plaintiff in *Zeh*. Here, the plaintiff has alleged that defendant acted negligently in failing to erect and maintain in a safe and proper manner the scaffold from which Pierce fell. Identification of the correct location of the accident and of the scaffold from which Pierce fell is critical to the defendant's ability to defend against the claim. Accordingly, the reasoning employed by the supreme court in *Zeh* governs the case at bar despite the fact that plaintiff's claim is predicated upon a violation of the Structural Work Act.

The original complaint did not put defendant on notice concerning where the incident took place, and the amended complaint was even less specific as to the location of the accident, alleging only that the accident occurred in "Glen Ellyn, Illinois." Since defendant was never provided with the information necessary to prepare its defense to the claim asserted in the amended pleading, the trial court acted properly in finding that plaintiff's cause of action was barred by the expiration of the statute of limitations. *Zeh*, 111 Ill. 2d at 278. See also *Gillmore v. City of Chicago* (1906), 224 Ill. 490, 493, 79 N.E. 596; *Digby*, 240 Ill. App. 3d at 92; *Cannon v. Bryant* (1990), 196 Ill. App. 3d 891, 895, 554 N.E.2d 489.

The supreme court has recognized an exception to the rule enunciated in *Zeh* where the defendant has clear notice of the location of the occurrence prior to expiration of the statute of limitations. (See *Wolf*, 143 Ill. 2d at 47-48.) However, the record in the case at bar reflects that defendant did not have notice of the correct location of the accident prior to the expiration of the statute of limitations. Indeed, even at this juncture, plaintiff acknowledges that the specific location of the accident has not been ascertained.

For the foregoing reasons, the order of the circuit court of Cook County is affirmed.

Affirmed.

McNAMARA, P.J., and EGAN, J., concur.