(No. 60986.—)

JOSEPHINE ZEH, Appellant, v. JOHN B. WHEELER
et al., Appellees.

*Opinion filed February 21, 1986.*

Alan D. Katz, David S. Pochis, Ltd., & Chase & Werner, Ltd., of Chicago (Alan D. Katz and Edward S. Reiff, of counsel), for appellant.

Berman and Trachtman, P.C., of Chicago (Edward J. Malek, of counsel), for appellees.

JUSTICE RYAN delivered the opinion of the court:

Plaintiff, Josephine Zeh, appealed from an order of the circuit court of Cook County dismissing with preju-

dice her amended complaint on the ground that the amendment did not relate back to the date of the filing of the original complaint and thus was barred by the statute of limitations. The appellate court affirmed the judgment of the circuit court (126 Ill. App. 3d 1155) in a Rule 23 order (87 Ill. 2d R. 23). We granted plaintiff's petition for leave to appeal (94 Ill. 2d R. 315).

The case is before us on the pleadings. On February 17, 1979, plaintiff allegedly sustained personal injury while descending a common stairway of an apartment building in Chicago. On February 2, 1981, 15 days before the running of the limitations period, plaintiff filed a one-count complaint in the circuit court of Cook County. The original complaint alleged that defendants, John B. Wheeler, John B. Wheeler Company, Claud Hess and Agnes Hess, owned, operated, managed, and controlled an apartment building located at 4400 South Wallace in the city of Chicago; that defendants negligently maintained a stairway in common use by the tenants of said premises, and negligently permitted said stairway to be in a defective and hazardous condition; that plaintiff was caused to fall by reason of certain unnatural accumulations of water and ice on such stairway; and that as a proximate result, plaintiff, due to the negligence of defendants, sustained personal injuries.

The defendant, John B. Wheeler, filed a motion to dismiss the complaint as to him, individually, alleging that he was a trustee under a land trust and held naked legal title to the property. An affidavit filed in support of the motion alleged that the beneficial owners under the land trust were John B. Wheeler Company, as contract seller, and Claud and Agnes Hess, as contract purchasers. The court allowed the motion to dismiss and held that the beneficial owners under the trust were "Claud and Agnes Hess, 4400 South Wallace Street, Chicago, Illinois."

Defendants John B. Wheeler Company and Claud and Agnes Hess answered the complaint, admitting ownership of the premises but generally denying the remaining allegations. Interrogatories were submitted by the defendants to the plaintiff and by the plaintiff to the defendants, and answers to them were given. Following several unsuccessful attempts to take plaintiff's deposition, an order was entered that the plaintiff appear for deposition on or before January 28, 1983. The record does not reflect that the plaintiff's deposition was taken at that time. However, on February 1, 1983, an order was entered allowing plaintiff's motion to amend the complaint on its face changing the address from 4400 South Wallace to 4400 South Lowe. The discussion during oral argument of the defendant's subsequent motion to dismiss indicates that the two addresses are two blocks apart. It was also indicated during oral argument that John B. Wheeler Company managed both the property at 4400 South Wallace and the property at 4400 South Lowe. However, as to the property at 4400 South Wallace, Claud and Agnes Hess were the beneficial owners and lived at that address. They had no interest in the property at 4400 South Lowe. There is language in the transcript of the argument which indicates that the property at 4400 South Lowe was owned by a party by the name of Murphy.

On March 15, 1983, defendants John B. Wheeler Company and Claud and Agnes Hess moved to dismiss the amended complaint. The basis of the motion to dismiss was that the amendment stated a new and different cause of action which did not arise out of the same transaction or occurrence set forth in the original complaint. Therefore the amended complaint did not relate back to the date of the filing of the original complaint by virtue of the provisions of section 2—616 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—

616). The amendment, it was argued, was thus barred by the statute of limitations. On July 8, 1983, the plaintiff voluntarily dismissed Claud Hess and Agnes Hess, the owners of 4400 South Wallace. On October 25, 1983, the circuit court granted defendants' motion and dismissed the amended complaint with prejudice. The appeal to the appellate court was taken from this order.

The parties agree that plaintiff's amended complaint is barred by the appropriate statute of limitations unless the amendment "relates back" to the date of the filing of the original complaint. Section 2—616 of the Code of Civil Procedure governs amendments to pleadings and the relation back of those amendments to the date of the filing of the original pleading to avoid the statute-of-limitations bar. That section provides in relevant part:

> "(b) The cause of action *** set up in any amended pleading shall not be barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if the time prescribed or limited had not expired when the original pleading was filed, and if it shall appear from the original and amended pleadings that the cause of action asserted *** in the amended pleading *grew out of the same transaction or occurrence set up in the original pleading,* even though the original pleading was defective in that it failed to allege *** the existence of some fact or some other matter which is a necessary condition precedent to the right of recovery or defense asserted, if the condition precedent has in fact been performed, and for the purpose of preserving the cause of action *** set up in the amended pleading, and for that purpose only, an amendment to any pleading shall be held to relate back to the date of the filing of the original pleading so amended." (Emphasis added.) (Ill. Rev. Stat. 1981, ch. 110, par. 2—616(b).)

This section thus permits the relation back of an amended pleading to avoid the impact of statutes of limitations if two requirements are met: (1) the original

pleading was timely filed and (2) the original and amended pleadings indicate that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading.

The parties do not dispute that the original complaint was filed within the two-year limitation period for personal injury actions. (Ill. Rev. Stat. 1981, ch. 110, par. 13—202.) Thus, whether the amendment relates back to the original filing depends on whether the negligence cause of action asserted in the amended pleading "grew out of the same transaction or occurrence set up in the original pleading." (Ill. Rev. Stat. 1981, ch. 110, par. 2—616(b).) Plaintiff argues that the change of address from 4400 South Wallace to 4400 South Lowe is an appropriate amendment within the purview of section 2—616(b) which relates back to the date of filing of the original complaint. The defendants, on the other hand, argue that the change in address renders the incident a separate and distinct occurrence and consequently a separate and distinct cause of action.

The appellate court, in affirming the circuit court's dismissal of plaintiff's amended complaint, agreed with the defendants and concluded that plaintiff's amended complaint did not relate back to the date of the filing of the original complaint because the amendment stated a negligence cause of action which did not arise out of the same occurrence set forth in the original complaint. In reaching this conclusion, the appellate court reasoned:

> "The same issue has been considered by our supreme court and its holding is dispositive of the matter before us. In *Gillmore v. City of Chicago* (1906), 224 Ill. 490, the court held that the location of an injury as a result of a fall is a necessary and material element in this type of negligence action and to change the location is to change the occurrence. See also *Carlin v. City of Chicago* (1914), 262 Ill. 564."

Plaintiff argues, however, that *Gillmore* and *Carlin* have no precedential value because they were superseded by the enactment of the 1933 Civil Practice Act. Plaintiff argues further that even if *Gillmore* and *Carlin* were not overruled, the appellate court erred in its interpretation of the principle of law articulated by this court in those cases.

We first consider plaintiff's contention that *Gillmore* and *Carlin* are not dispositive of this issue because the court was working under standards which have long since been abolished by the legislature. We do not agree. In *Metropolitan Trust Co. v. Bowman Dairy Co.* (1938), 369 Ill. 222, 224-30, this court traced the historical development of the doctrine of relation back of amendments to pleadings. The doctrine first came into existence in statutory form with the passage of the 1929 amendment of section 39 of the 1907 practice act. The statute provided for a relation back if the cause of action asserted in the amended pleading grew out of the same transaction or occurrence *and* was substantially the same as that set up in the original pleading. 1929 Ill. Laws 578; Ill. Ann. Stat., ch. 110, par. 2—616, Historical and Practice Notes, at 525 (Smith-Hurd 1983).

In 1933, the legislature replaced amended section 39 of the former practice act with section 46 of the Civil Practice. Act. The 1933 amendment omitted the words "and is substantially the same as" so that amendments could be made if the matter introduced by the amended pleading "grew out of the same transaction or occurrence set up in the original pleading." (Ill. Rev. Stat. 1939, ch. 110, par. 46(2).) The 1933 Civil Practice Act thus shifted from the common law requirements as set out in *Carlin v. City of Chicago* (1914), 262 Ill. 564, that the original pleading technically state a cause of action and that the amended pleading set up the same cause of

action as the original pleading to a test of identity of transaction or occurrence. (See McCaskill, Illinois Civil Practice Act Annotated 127 (1936).) The legislative change was based on the rationale that "a defendant has not been prejudiced so long as his attention was directed, within the time prescribed or limited, to the facts that form the basis of the claim asserted against him." *Simmons v. Hendricks* (1965), 32 Ill. 2d 489, 495.

On July 1, 1982, the Civil Practice Act was replaced by article II of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—101 *et seq.*). Section 2—616(b) is former section 46(2) of the Civil Practice Act as in force at the effective date of the Code of Civil Procedure, without change of substance. Ill. Rev. Stat. 1983, ch. 110, par. 2—616(b).

Plaintiff correctly points out that the 1933 act eliminated two of the common law requirements enunciated in *Carlin*. That act, however, did not nullify the decision of that case. Furthermore, contrary to plaintiff's reading, the relation-back doctrine was already recognized by this court in *Carlin* "[i]f the amended declaration restates the original cause of action in a different form \*\*\*." (*Carlin v. City of Chicago* (1914), 262 Ill. 564, 572.) In *Bregar v. Suggett* (1972), 7 Ill. App. 3d 325, 327, the court noted that although *Carlin* was decided prior to the more liberal provisions of the Civil Practice Act, it, nonetheless, suggested the following criteria in determining if the amendment stated the same cause of action:

> "Would the same evidence be appropriate to prove both the original complaint and amendment? Did the original complaint state a cause of action although stating such cause of action defectively? Does the amendment relate to a necessary element of the cause of action[?] Would a judgment on the original complaint be *res judicata* to the amended complaint?"

The court noted in *Bregar* that even under technical common law pleading, this court, in *Carlin,* concluded that the amendment made after the expiration of the statute of limitations related to the occurrence described in the original complaint and thus related back to the date of original filing. Like the policy underlying the present rule set out in section 2—616(b), the criteria of *Carlin* supported the goal that a defendant should not be required to defend against stale claims of which he had no notice or knowledge. Therefore, despite the difference in inquiry, the criteria in *Carlin* are relevant to the question whether an amended pleading grew out of the same transaction or occurrence as the original pleading.

We next consider plaintiff's argument that the appellate court erred in its interpretation of the principle of law articulated by this court in *Gillmore.*

In *Gillmore v. City of Chicago* (1906), 224 Ill. 490, the plaintiff allegedly sustained personal injury when she stepped into a hole in a public sidewalk in the city of Chicago. The original complaint alleged that the incident took place near the intersection of Thirty-eighth Street and Princeton Avenue. After the statute of limitations had run, the plaintiff, by leave of court, amended her complaint by changing the name of the street from "Princeton" to "Stewart." The defendant thereafter filed a plea setting up the statute of limitations as a defense. The issue presented was whether the amended pleading introduced another and different cause of action from that set up in the original pleading. This court held that the negligence cause of action stated by the amended complaint was different from that alleged by the original complaint. Therefore, since the amended pleading introduced a new cause of action not alleged in the original pleading, the amendment did not relate back and the statute of limitations was a

good plea.

In reaching its holding, the *Gillmore* court noted that the degree of care which a city was required to exercise to keep its streets and sidewalks in a reasonably safe condition varied according to the location, character, and extent of the use to which they were put. The court stated that while the duty was of the same general character, it differed in degree. The court thus reasoned:

"Here the negligence averred consisted in a violation of the duty to properly maintain a sidewalk. Neglect to keep a sidewalk in repair at one place is not the same wrong as neglect to keep a sidewalk in repair at another place \*\*\*. The act of negligence charged by the original and additional counts in the case at bar is a different act of negligence from that charged by the amended counts." *Gillmore v. City of Chicago* (1906), 224 Ill. 490, 494.

We believe that the *Gillmore* court's reasoning applies with equal force in a slip-and-fall case where the alleged negligence arises from the failure to maintain premises in a reasonably safe condition. The flaw with plaintiff's argument is that it does not recognize that the failure to maintain in a reasonably safe condition a common stairway at 4400 South Wallace involves totally different conduct by different persons at a different time and at a different place than the failure to maintain in a reasonably safe condition a common stairway at 4400 South Lowe. As the trial court aptly concluded in granting the defendants' motion to dismiss:

"[T]he key is not the address but whether the location is important to the stating of the cause of action. If the City of Chicago had a hole in the street at 4400 South Lowe and another hole in the street at 4400 South Wallace, the duty would be dependent upon the hole which is the essence of the accident. Here the ownership and responsibility of the property, the relationship and the role of the person on the property, the condition of the property from the accumulation or non-accumulation

of natural or unnatural processes, how and when they got there are, in fact, wedded and interwoven with the cause of action in a very real sense *** ."

Accordingly, the appellate court did not err in relying on *Gillmore* for the proposition that in a slip-and-fall case the correct location of the accident is a material element in this type of negligence action. Although the holding in *Gillmore* was based on the court's finding that the cause of action stated in the amended complaint was a different cause of action from that set up in the original complaint, the basis for this holding was that the cause of action stated in the amended complaint did not arise out of the same occurrence as that alleged in the original complaint. The two allegations referred to two different events.

Plaintiff next submits that the correction of a street address does not affect the essential elements of a cause of action in negligence since the accuracy of the location is only necessary to establish jurisdiction and venue requirements. Citing *Carlin v. City of Chicago* for support, plaintiff asserts that it would be legally sufficient to file a complaint in a slip-and-fall case merely by alleging that the fall occurred on premises owned and operated by the defendant, without naming the address.

In *Carlin v. City of Chicago* (1914), 262 Ill. 564, the original complaint alleged that the defendants were negligent in failing to guard or to protect a large piece of boiler which had been placed and permitted to remain on Fourteenth Street near a plant or factory known as Thomas F. Pickham Boiler Works. After the running of the limitations period, the plaintiff amended her complaint by deleting the word "Street" and inserting in its place the word "place." The city of Chicago thereafter filed a plea setting up the statute of limitations and maintaining that the cause of action asserted in the amended complaint was different from that alleged in

the original complaint. In holding that the amendment did not state a new cause of action, the court distinguished *Gillmore* by concluding that the amendment in *Gillmore* described two different locations, that is, two different occurrences, whereas the amendment in *Carlin* expressed two descriptions of the same locality. The court reached its holding by reasoning that the accident could only have occurred at one particular location since the original complaint alleged that the incident occurred at or near the plant of Thomas Pickham. Because the amended pleading restated the original cause of action, that is, the same occurrence, in a different form, the filing of the amendment related back to the commencement of the suit and the statute of limitations was not a good plea.

After reviewing the record in the present case, we conclude that plaintiff's amended pleading set up a cause of action which grew out of a different occurrence from that alleged in the original pleading. We are not persuaded by plaintiff's argument that the change of address was merely a redescription of the place where the incident occurred. The facts alleged in the amended complaint were not simply a more particular statement of the facts alleged in the original complaint. Nor was the amended complaint a restatement of the original cause of action in a different form. Unlike the situation in *Carlin* where the original and amended pleading expressed two descriptions of the same location, plaintiff's original pleading and amendment here described two different locations. Two different properties with different ownership were described in the complaint and the amendment. The appellate court was correct in concluding that the amendment which changed the location substantially changed the occurrence. Therefore, we reject plaintiff's argument that the appellate court's order is contrary to section 2—616(b) of the Code of Civil Proce-

dure (Ill. Rev. Stat. 1983, ch. 110, par. 2—616(b)).

Plaintiff further contends that the appellate court's order represents a reversion to the evils of pre-Code pleading when substantive rights were lost due to omissions or to technical defects. We disagree. We emphasize that today's decision is not intended to restore the formalistic approach to amendments to pleadings which the legislature sought to eliminate by enacting the relation-back doctrine. (See *Metropolitan Trust Co. v. Bowman Dairy Co.* (1938), 369 Ill. 222, 230.) However, as explained above, the occurrence upon which the cause of action is based must be properly pleaded to give a defendant a reasonable amount of information concerning where the incident took place. The failure here to properly plead the location of the injury is not a technical defect which can be cured after the running of the statute of limitations.

We also reject plaintiff's contention that the appellate court's order is inconsistent with the modern trend in Illinois of liberal allowance of amendments to pleadings after the running of the statute of limitations. We agree with plaintiff that the Code of Civil Procedure reflects the modern approach to pleading: the resolution of litigation on the merits and the avoidance of elevating questions of form over questions of substance. We also recognize, as did the appellate court here, that Illinois courts are liberal in allowing amendments to pleadings after the running of the statute of limitations. However, after examining the authorities cited and relied upon by plaintiff's counsel, we find that they are clearly distinguishable from the present case. The courts in the cases cited by plaintiff allowed the amended pleading to "relate back" to the filing of the original pleading because the cause of action asserted in the amended complaint grew out of the same set of facts and circumstances alleged in the original complaint. The defendant in each case was

given adequate notice and knowledge of the incident giving rise to the lawsuit. Thus, the defendant could not properly claim surprise by the new allegations.

Plaintiff suggests that the defendants had notice of the matter contained in the amendment due to the fact that: (1) the substance of the amended complaint is identical to that of the original complaint except for the change in street name; (2) the defendants managed and maintained apartment buildings at both 4400 South Lowe and 4400 South Wallace; and (3) the distance between the two premises is two blocks. We are not persuaded. To accept plaintiff's argument would require an owner or manager of multiple parcels of realty to investigate each and every property when confronted with a cause of action arising out of the alleged negligent maintenance of one of its premises.

The shift in focus from the identity of the cause of action in the original and amended complaints under our pre-Civil Practice Act pleading to the identity of the occurrence or transaction under our practice act is bottomed on the belief that if the defendant has been made aware of the occurrence or transaction which is the basis for the claim, he can prepare to meet the plaintiff's claim, whatever theory it may be based on. Rule 15(c) of the Federal Rules of Civil Procedure provides that the filing of an amended complaint relates back to the filing of the original complaint if the claim asserted in the amended complaint arose out of the "conduct, transaction or occurrence" set forth in the original pleading. In *Tiller v. Atlantic Coast Line R.R. Co.* (1945), 323 U.S. 574, 581, 89 L. Ed. 465, 471, 65 S. Ct. 421, 425, the plaintiff amended her complaint after the limitations period had expired to add a claim based on the Federal Boiler Inspection Act to her original complaint for relief under the Federal Employers' Liability Act. The Supreme Court stated:

"There is no reason to apply a statute of limitations when, as here, the respondent has had notice from the beginning that petitioner was trying to enforce a claim against it because of the events leading up to the death of the deceased in the respondent's yard." (323 U.S. 574, 581, 89 L. Ed. 465, 472, 65 S. Ct. 421, 424-25.)

In *Zagurski v. American Tobacco Co.* (D. Conn. 1967), 44 F.R.D. 440, 442, the court said:

"[T]he question is whether the defendant ought to have known from the original complaint the facts plaintiff is now adding."

Thus, under Federal Rule 15(c) it is generally held that among the factors to consider in determining whether the amended complaint relates back to the time of filing of the original complaint are whether the defendant received adequate notice of the claim against him and whether the defendant would be unfairly prejudiced if the amendment were allowed to relate back to the date of the filing of the original complaint. See Annot., 12 A.L.R. Fed. 233, 239 (1972); see also 3 J. Moore, Federal Practice par. 15.15[3] (1985); 6 C. Wright & A. Miller, Federal Practice and Procedure sec. 1497 (1971).

Under our code pleading, as under the rationale of *Gillmore,* the location of the accident is significant in that it gives the defendant notice of the occurrence which is to be the basis of the claim against which the defendant will be called upon to defend. The requirement that the original pleading correctly describe the location of the occurrence, however, is not so inflexible as to preclude other means of conveying notice of the occurrence to the defendant. In *Harastej v. Reliable Car Rental, Inc.* (D.P.R. 1972), 58 F.R.D. 197, plaintiff alleged in the complaint that an accident had happened at 1020 Ashford Avenue, San Juan, Puerto Rico. The defendant moved for summary judgment, alleging it had no rela-

tion whatsoever to the place alleged in the complaint. The plaintiff was permitted to amend the complaint, setting forth the address of 1010 Ashford Avenue as defendant's place of business where the accident had occurred. The court allowed the amendment to relate back, stating that the mere correction of a mistake which related to facts as to time and place did not in that case set up a new claim for relief. There, the defendant was aware that the plaintiff's claim was based on an accident that happened on its property. Since it did not own the property described, the address stated in the complaint was obviously a mistake.

In *Stone v. Brown* (Tex. Civ. App. 1981), 621 S.W.2d 182, the plaintiffs filed a petition to remove a cloud on the title to a 15.727-acre tract of land. In the original petition the tract had been misdescribed. The Texas statute permitting amendments after the running of the limitations period uses the words "transaction and occurrence" as does ours. The court in *Stone* noted that while the amended petition described a different tract of land than that described in the original pleading, the description of the land was not significant. The amended petition, which described a different tract, sought title to 15.727 acres of land alleged to be wrongfully withheld by the defendant at the same time and place as that alleged in the original complaint and was thus not based on a new and distinct transaction.

In our case, the defendant, John B. Wheeler & Company, managed both the property at 4400 South Wallace, which was alleged as the place of the occurrence in the original complaint, and the property at 4400 South Lowe, alleged as the place of the occurrence in the amended complaint. Nothing in the record or the briefs shows this court that the defendant, John B. Wheeler & Company, knew or had any notice that the plaintiff's original complaint was making a claim for an injury aris-

ing out of an occurrence at 4400 South Lowe. In fact, the original complaint not only gave the address of the place of the occurrence as 4400 South Wallace, but further particularized that location as the place of the occurrence by naming the beneficial owners of that property as defendants. As noted above, the beneficial owner of 4400 South Wallace had no interest in the property the plaintiff described in the amended complaint. That property had a different beneficial owner. In fact, it appears that the first time the correct address of the location of the occurrence came to light was after defendants obtained a court order for the deposition of the plaintiff, which was almost two years after the filing of the complaint and nearly four years after the limitations period had expired. Earlier attempts by the defendants to take plaintiff's deposition had been unsuccessful. This undue delay in the giving of notice to the defendant of the correct location of the occurrence was clearly attributable to the plaintiff. Since there is no contention that defendant had any notice of the occurrence on which plaintiff's claim is based outside the pleadings, we need not here decide to what extent such notice may be considered in determining whether an amendment relates back under the provision of our code. See *Kelcey v. Tankers Co.* (2d Cir. 1954), 217 F.2d 541; *Senger v. Soo Line R.R. Co.* (D.C. Minn. 1980), 493 F. Supp. 143.

Because the facts alleged in the original complaint failed to put the defendants on notice of the matter covered by the amendment, the defendants could properly claim surprise that the plaintiff was seeking to recover damages for injuries occurring at an entirely different building. To allow the amended complaint to relate back under the circumstances would be to disregard the purpose of a statute of limitations which is "to afford a defendant a fair opportunity to investigate the circumstances upon which liability against him is predicated

while the facts are accessible." *Geneva Construction Co. v. Martin Transfer & Storage Co.* (1954), 4 Ill. 2d 273, 289-90.

Finally, we reject plaintiff's argument that the appellate court's order is in conflict with the decisions of other appellate districts which have allowed amendments to pleadings to correct similar errors. Plaintiff places primary reliance on *Anderson v. Behr* (1939), 299 Ill. App. 90, and *Hatcher v. Kentner* (1983), 120 Ill. App. 3d 571. We find both cases unpersuasive. Simply stated, these two cases permitted amendments which did not allege a different occurrence from that set forth in the original complaint.

For the reasons stated, we affirm the judgment of the appellate court.

*Judgment affirmed.*