(Nos. 69939, 69953 cons.—)

JOHN WOLF, Appellee, v. MEISTER-NEIBERG, INC., *et al.*, Appellants.

*Opinion filed March 21, 1991.*

CALVO, J., took no part.

Paulsen & Kane, of Chicago (Harvey A. Paulsen, of counsel), for appellant Meister-Neiberg, Inc.

Patrick F. Lustig, of Pretzel & Stouffer, Chrtd., of Chicago (Robert Marc Chemers and Robert J. Franco, of counsel), for appellant Lennie Szarek, Inc.

Dowd & Dowd, Ltd., of Chicago (Philip J. McGuire, of counsel), for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

The issue presented by this appeal was certified by the trial court for interlocutory review pursuant to Supreme Court Rule 308 (134 Ill. 2d R. 308) and provides as follows:

"In a slip and fall case does an amended complaint filed after the expiration of the statute of limitations relate back to the original timely-filed complaint when,

(a) The location of the accident as alleged in the amended complaint differs materially from the location alleged in the original complaint, but

(b) The defendants were on notice of the correct location prior to the expiration of the statute of limitations ***?"

The appellate court, relying on this court's decision in *Zeh v. Wheeler* (1986), 111 Ill. 2d 266, answered the certified question "Yes." (194 Ill. App. 3d 727.) We affirm.

The plaintiff, John Wolf, brought a personal injury action arising from a slip-and-fall incident at a construction site on March 20, 1984. The plaintiff's original complaint alleged that the accident occurred at a construction site located at 310 Wainwright Drive in Northbrook, Illinois. Both defendants (Meister-Neiberg, Inc., a general contractor, and Lennie Szarek, Inc., a subcontractor) filed answers denying any connection with the Northbrook construction site. After the expiration of the

applicable two-year statute of limitations, the plaintiff filed an amended complaint changing the location of the accident from Northbrook to Schaumburg, Illinois. Defendants moved to dismiss the amended complaint as being time-barred, contending that the relation-back provision of section 2—616 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—616(b)) was inapplicable because the plaintiff's amended complaint stated a cause of action separate and distinct from the cause of action alleged in the original complaint. The trial court denied both motions. The appellate court affirmed, finding that the relation-back provision in section 2—616(b) applied to this cause since both defendants had notice of the correct location of the accident prior to the running of the statute of limitations.

The defendants do not dispute the fact that they had notice of the correct location of the occurrence before the expiration of the two-year statute of limitations. Said notice was provided to the defendants through: (1) the deposition testimony of the plaintiff; (2) the deposition testimony of a foreman involved at the accident site; (3) the deposition testimony of another worker at the accident site; and (4) documents relating to the construction project which referred to the correct location and which were produced in response to production requests.

Section 2—616(b) of the Code of Civil Procedure provides that a cause of action alleged in an amended complaint filed after the expiration of the limitations period will relate back to the filing of the original complaint if two requirements are met: (1) the original pleading was timely filed and (2) the original and amended pleadings indicate that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading. Ill. Rev. Stat. 1987, ch. 110, par. 2—616(b).

In *Zeh v. Wheeler* (1986), 111 Ill. 2d 266, this court interpreted section 2—616(b) in a slip-and-fall case and found that the correct location of the accident is a material element in the original pleading. The *Zeh* plaintiff alleged an injury at one location (4400 South Wallace) in his original complaint and subsequently sought to amend the pleadings, after the limitations period had passed, to identify the correct location (4400 South Lowe). This court found that the *Zeh* plaintiff's amendment, which changed the location substantially, changed the occurrence and the plaintiff's complaint was properly dismissed. In so finding, this court reasoned "the occurrence upon which the cause of action is based must be properly pleaded to give a defendant a reasonable amount of information concerning where the incident took place." (*Zeh*, 111 Ill. 2d at 278.) This court in *Zeh* went on to state:

"Since there is no contention that defendant had any notice of the occurrence on which plaintiff's claim is based outside the pleadings, we need not here decide to what extent such notice may be considered in determining whether an amendment relates back under the provisions of our code." *Zeh*, 111 Ill. 2d at 282.

The appellate court, relying on the aforementioned language in *Zeh*, held that since the defendants had notice of the correct location of the charged injury before the limitations period expired, the relation-back provision of section 2—616(b) applied to the plaintiff's amended pleading. The appellate court found that the notice exception was warranted because the Code of Civil Procedure is to be construed liberally and since the Code of Civil Procedure favors a hearing on the merits of a litigant's claims. We agree that under the facts of this case a notice exception is justified.

Here, the defendants, by their own admission, were on clear notice of the correct location of the slip-and-fall

occurrence before the expiration of the statute of limitations. Thus, the defendants were plainly not prejudiced by the amended pleading. In such instances, we find that the relation-back provision of section 2—616(b) is triggered.

Accordingly, we find that the appellate court correctly affirmed the trial court's denial of the defendants' motions to dismiss, and affirm the judgment of the appellate court.

*Affirmed.*

JUSTICE CALVO took no part in the consideration or decision of this case.