ROSALIE WOLF, Plaintiff-Appellant, v. DOMINICK'S FINER FOODS, INC., Defendant-Appellee.

First District (6th Division)   No. 1—95—1757

Opinion filed July 5, 1996.

Beerman, Swerdlove, Woloshin, Barezky, Becker, Genin & London, of Chicago (Alvin R. Becker, Annette E. Pinhasik, and Christopher A. White, of counsel), for appellant.

Joseph P. Bonaccorsi, of Sanchez & Daniels, of Chicago, for appellee.

JUSTICE EGAN delivered the opinion of the court:

Two days before the applicable statute of limitations was to expire, the plaintiff, Rosalie Wolf, filed a complaint against the defendant, Dominick's Finer Foods, Inc. She alleged that, as a result of the defendant's negligence, she was injured when she fell in the defendant's store located at 5747 Dempster in Morton Grove. On December 14, 1993, the defendant filed a motion to dismiss the complaint on the basis that the plaintiff had indicated during discovery that her fall was at the defendant's store at 6931 Dempster in Morton Grove. Judge Kenneth Gillis denied this motion and granted the plaintiff leave to file an amended complaint, in which she alleged that she fell in the store at 6931 Dempster. Judge Jacqueline Cox dismissed the plaintiff's amended complaint pursuant to the defendant's motion to dismiss this complaint.

Before filing a complaint, the plaintiff's counsel sent the defendant two notices of attorney's lien. The first of these notices was dated July 24, 1989, and stated that the plaintiff's counsel had been retained to represent the plaintiff in a personal injury suit involving the defendant's maintenance of its store at 5747 Dempster in Morton Grove. A cover letter also listed 5747 Dempster as the location of the accident. The plaintiff's counsel sent the defendant a subsequent notice of attorney's lien in August 1989. This later notice listed the location of the store where the plaintiff was injured as 6931 Dempster,

but the cover letter to the notice again listed the location of the accident as 5747 Dempster. The first notice of lien was signed, but the second notice of lien was unsigned.

The plaintiff filed a complaint against the defendant on March 1, 1991. In this complaint, she alleged that the defendant owned and operated a store at 5747 Dempster in Morton Grove. On March 3, 1989, the plaintiff was "legally and lawfully in and upon the premises located at 5747 West Dempster Street, Morton Grove, Illinois." The defendant breached its duty to act with reasonable care with regard to the plaintiff's safety by failing to maintain its premises in a safe condition, by failing to warn the plaintiff of an accumulation of debris on the floor which created a slippery condition and by failing to clean the floor. As a result of the defendant's negligence, the plaintiff was injured.

In its answer to the complaint, the defendant asserted that it had insufficient knowledge to respond to the plaintiff's allegation that she was legally on the premises at 5747 Dempster. The defendant did not attach an affidavit to its answer to support its claim of lack of knowledge.

The interrogatories the plaintiff sent the defendant on June 19, 1991, did not indicate that the address of the accident was anything other than that alleged in the complaint:

"2. Did the defendant: (a) own, (b) occupy, (c) lease, (d) manage and/or control the premises at the time of the occurrence *as alleged in the plaintiff['])s complaint*; if so, specify which of the above is applicable for what period of time.

\* \* \*

5. Please state the name and address of the person, firm or corporation which had the responsibility or duty for the maintenance of the premises at the time and *place of the plaintiff's alleged occurrence.*

\* \* \*

11. Did you or any agent or employee of the defendant \*\*\* make any examination or inspection of the *place or area where the plaintiff alleges that the occurrence happened* \*\*\*.

\* \* \*

15. Was the place *where the alleged occurrence happened* regularly or otherwise patrolled or supervised by you or any agent or employee of the defendant \*\*\*." (Emphasis added.)

The plaintiff's request for production also referred to the "alleged occurrence," and a pretrial memorandum filed on August 30, 1991, listed the location of the accident as 5747 West Dempster.

In the plaintiff's answers to the defendant's interrogatories in September 1991, however, the plaintiff stated that the location of the store where she fell was at the intersection of Waukegan and Dempster Roads. Her response did not contain the address of this store, but it is undisputed that the address of the Dominick's store at that location is 6931 Dempster. Nevertheless, in March 1992, the plaintiff sent the defendant a supplemental interrogatory, in which she asked for the name and address of the manager on duty on March 3, 1989, "at the time of plaintiff's incident *as described in the Complaint at Law*." (Emphasis added.)

In August 1992, the defendant deposed the plaintiff. During her deposition, the plaintiff stated that on the day of her accident she was working as a food demonstrator for a company called Samples and Surveys. She was assigned to the Dominick's store at Dempster and Waukegan. On her way to the lunchroom on the second floor of the store, she passed through a back area of the store, where there was a young man peeling vegetables. As she entered this back area, she saw another young man with a broom leaving the area. There was debris on the floor, and the plaintiff slipped on a piece of cellophane. She fell against a wall and to the floor.

A couple of young men helped her up from the floor. These men were Dominick's employees, but they were not the same men whom she had seen upon entering the back area. The young men who helped her were white and 18 to 20 years old. One of the young men came down some stairs to help her. She did not know if he saw her fall. She did not say whether the other young man who helped her saw her fall. After the young men helped her to her feet, the plaintiff went to the women's washroom, where a female Dominick's employee helped her to clean the blood from her arm and knee.

The plaintiff did not remember talking to the young men or the female employee about her fall and did not tell them she had slipped on some cellophane. After leaving the washroom, the plaintiff told a Dominick's manager about her fall and showed him the cellophane. This manager suggested that she go to the hospital. She did not know the name of this manager, who was white and in his forties, and did not know whether he filled out any report of her accident. There is no indication from the plaintiff's deposition testimony that she told her name to the Dominick's manager or the employees who helped her.

The defendant filed a motion to dismiss because the plaintiff's deposition testimony and responses to interrogatories were inconsistent with the allegation in her complaint that the accident occurred at 5747 Dempster. In support of this motion, the defendant filed an affi-

davit, in which a legal administrator for the defendant asserted that the defendant had a store at 5747 Dempster and a store at 6931 Dempster, which was at the intersection of Waukegan and Dempster.

Judge Gillis denied this motion and allowed the plaintiff to amend her complaint to change the address of her accident to 6931 Dempster. The plaintiff filed the amended complaint on February 15, 1994.

On December 30, 1994, the defendant filed a motion to dismiss the amended complaint on the basis that it was filed after the applicable statute of limitations period and did not relate back to the original complaint. On January 9, 1995, before the hearing on the motion to dismiss, the defendant filed an emergency motion to continue the trial, which was set for February 6, 1995. The defendant asserted that it was unprepared for trial because of the change of address in the plaintiff's amended complaint. Before the amendment, it had focused its investigation and discovery on the store at 5747 Dempster. Apparently, this motion for a continuance was granted, and, on April 20, 1995, Judge Cox granted the defendant's motion to dismiss. The plaintiff argues that Judge Cox erred in dismissing her complaint because it related back to the original complaint.

Section 2—616(b) of the Code of Civil Procedure (735 ILCS 5/2—616(b) (West 1992)), which governs the relation back of amended pleadings, provides:

"(b) The cause of action, cross claim or defense set up in any amended pleading shall not be barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if the time prescribed or limited had not expired when the original pleading was filed, and if it shall appear from the original and amended pleadings that the cause of action asserted, or the defense or cross claim interposed in the amended pleading grew out of the same transaction or occurrence set up in the original pleading, even though the original pleading was defective in that it failed to allege *** the existence of some fact or some other matter which is a necessary condition precedent to the right of recovery or defense asserted *** and for the purpose of preserving the cause of action, cross claim or defense set up in the amended pleading, and for that purpose only, an amendment to any pleading shall be held to relate back to the date of the filing of the original pleading so amended."

■ Section 2—616(b), therefore, allows an amended complaint to relate back to the original if (1) the original was timely filed, and (2) the original and amended complaints show that the cause of action in the amended complaint grew out of the same transaction or occurrence alleged in the original complaint. *Wolf v. Meister-Neiberg, Inc.*, 143 Ill. 2d 44, 570 N.E.2d 327 (1991).

The purpose of statutes of limitations and section 2—616(b) is to allow a defendant to investigate the facts upon which his liability is based while those facts are still accessible. *Boatmen's National Bank v. Direct Lines, Inc.*, 167 Ill. 2d 88, 656 N.E.2d 1101 (1995). In allowing amended complaints to relate back to the originals under section 2—616(b), "the legislature struck a balance between a preference for resolving disputes on their merits and preventing surprise or prejudice to a party resulting from a lack of notice of the conduct or condition upon which liability is asserted against him." *Yette v. Casey's General Stores, Inc.*, 263 Ill. App. 3d 422, 425, 635 N.E.2d 1091 (1994).

■ The rationale behind the same transaction or occurrence rule in section 2—616(b) is that the defendant will not be prejudiced by an amendment if the facts that form the basis for the claim are brought to his attention within the limitations period. *Pierce v. Joe Keim Builders, Inc.*, 274 Ill. App. 3d 371, 653 N.E.2d 928 (1995). An amended complaint grows out of the same transaction or occurrence in the original complaint if the original complaint provided the defendant with all of the information necessary to adequately prepare a defense to the amended complaint. *Cannon v. Bryant*, 196 Ill. App. 3d 891, 554 N.E.2d 489 (1990).

■ The Illinois Supreme Court has held that the place where the plaintiff was injured is a material element in a personal injury suit. *Zeh v. Wheeler*, 111 Ill. 2d 266, 489 N.E.2d 1342 (1986). If the amended pleading describes a different location than the original, therefore, it will not relate back because the change in location changes the occurrence.

In *Zeh v. Wheeler*, 111 Ill. 2d 266, 489 N.E.2d 1342 (1986), for example, the plaintiff alleged in her original complaint that she fell in a stairwell at the defendants' building at 4400 South Wallace. After the expiration of the statute of limitations period, the plaintiff amended her complaint to change the address of the building where she fell to 4400 South Lowe. One of the defendants managed buildings at both locations. The other two defendants were the beneficial owners of the building on Wallace but not the building on Lowe. The court decided that the amended complaint would not relate back to the original because it described a different occurrence in that the failure to maintain a staircase at one building involved totally different conduct than the failure to maintain a staircase at another building. *Zeh*, 111 Ill. 2d at 275; see also *Gillmore v. City of Chicago*, 224 Ill. 490, 79 N.E. 596 (1906) (an amended complaint that changed the name of the street where the plaintiff injured herself did not relate back to the original complaint); *Digby v. Chicago Park District*, 240 Ill. App. 3d 88, 608 N.E.2d 116 (1992) (an amended complaint that

changed the location of the manhole in which the plaintiff was injured did not relate back to the original complaint). An amended complaint will relate back to the original, however, if it contains merely a different description of the same location. See *Carlin v. City of Chicago*, 262 Ill. 564, 104 N.E. 905 (1914) (an amended complaint that changed the location of the plaintiff's accident from Fourteenth Street to Fourteenth Place related back to the original).

The plaintiff in this case does not dispute that her amended complaint described a different location than her original complaint. She asserts, however, that her amended complaint should relate back to the original because the defendant had notice of the correct location of the accident prior to the expiration of the statute of limitations period.

The plaintiff relies on *Wolf v. Meister-Neiberg, Inc.*, 143 Ill. 2d 44, 570 N.E.2d 327 (1991). In *Wolf*, the court held that an amended complaint which changed the location of an occurrence would relate back to the original where the defendants had notice of the correct location before the expiration of the statute of limitations period. The plaintiff had filed a complaint based upon his slip and fall at a construction site. In his original complaint, the plaintiff had alleged that the construction site was in Northbrook, Illinois. After the expiration of the statute of limitations period, the plaintiff filed an amended complaint, in which he alleged that the construction site was in Schaumburg, Illinois. *Wolf*, 143 Ill. 2d at 46.

Although the amended complaint described a different location, the court decided that it would relate back to the original because the defendants did not dispute that they had notice of the correct location of the accident before the expiration of the statute of limitations period. They had obtained this notice before the expiration of the statute of limitations period from the deposition testimony of the plaintiff, from the deposition testimony of a foreman and a worker at the accident site and from construction project documents they received during discovery. The court concluded that, since the defendants were "plainly not prejudiced" by the amendment to the complaint, it would relate back to the original. *Wolf*, 143 Ill. 2d at 48.

■■ Unlike the defendants in *Wolf*, the defendant in this case has not admitted that it had notice of the correct location of the accident prior to the expiration of the statute of limitations period. The plaintiff argues, however, that we must conclude that the defendant had notice because it should be deemed to have admitted knowing the correct location of her accident.

The plaintiff's argument is based on the defendant's answer to her original complaint. In its answer, the defendant asserted that it

had insufficient information to answer the plaintiff's allegation that she was legally on the premises of 5747 Dempster on March 3, 1989. Because the defendant failed to support the assertion of its lack of knowledge with an affidavit, as required by section 2—610(b) of the Illinois Code of Civil Procedure (735 ILCS 5/2—610(b) (West 1992)), the plaintiff claims that it is deemed to have admitted her allegation that she was legally on the premises of 5747 Dempster.

As the defendant asserts, the plaintiff waived this issue by failing to raise it in the trial court. *Andrews v. Cramer*, 256 Ill. App. 3d 766, 629 N.E.2d 133 (1993) (holding that a defendant waived an argument under section 2—610(b) by failing to raise it in the trial court). In addition, an admission by the defendant that the plaintiff was legally on its premises at 5747 Dempster does not show its awareness that she fell at its store 6931 Dempster and, therefore, does not require us to find the amended complaint related back under *Wolf*.

Next, the plaintiff argues that the defendant had notice of the correct location of her accident through conversations its manager and employees had with her on the day of the accident. The only evidence in the record that the plaintiff spoke to the defendant's employees and manager on the day of her accident is in her deposition. Her deposition testimony, however, does not establish that these individuals had notice of the correct location of her accident such that this knowledge should be imputed to the defendant. There is no evidence that these individuals knew her name. She testified that she did not discuss the accident with the employees who helped her, and she did not testify that anyone witnessed her fall. Moreover, according to the affidavit of a legal administrator for the defendant, there is no accident report to support the plaintiff's allegations in her original or amended complaint.

We do not think that these facts establish the defendant's notice of the correct location of the plaintiff's fall, especially since the individuals with whom the plaintiff claimed to have spoken remain unidentified. The identity of the "unknown employee" the plaintiff named as a witness to the accident in her September 1991 interrogatory responses also remains unknown. We are reluctant to allow an amended complaint to relate back to the original based only on a plaintiff's statement that she spoke to an unidentified agent of the defendant about her injury prior to the expiration of the statute of limitations period.

The plaintiff also argues that the notices of attorney's lien the defendant received gave the defendant notice of the correct location of her accident. Only the second notice of lien, however, identified the correct location of the plaintiff's fall. This notice of lien was unsigned,

and it contradicted the cover letter that accompanied it, as well as the signed notice of attorney's lien and cover letter the plaintiff's counsel had already sent the defendant. The second notice of lien also conflicted with an affidavit the plaintiff executed in September 1990. In this affidavit, she stated that the accident occurred at 5747 Dempster. Under these circumstances, we do not think that the notices of lien were sufficient to inform the defendant that the location of the plaintiff's accident was anywhere other than the address alleged in the complaint. To the contrary, all but the unsigned notice of lien corroborated the address in the complaint.

The plaintiff contends that, based on the conflicts in the addresses on the notices of lien, the defendant had a duty to investigate to determine whether the plaintiff's accident occurred in the store at 6931 Dempster. She asserts that the defendant could have learned the correct location of the accident by merely calling the managers of its stores at 5747 and 6931 Dempster. The only cases the plaintiff cites as authority for the duty the plaintiff would have us impose on the defendant, however, are cases in which courts have imposed a duty to inquire on purchasers of real property. See, *e.g., Smith v. Grubb*, 402 Ill. 451, 84 N.E.2d 421 (1949). The plaintiff has not persuaded us that those cases govern this situation or that the liens contained sufficient information to put the defendant on inquiry. To the contrary, the different address on the unsigned lien could have been reasonably interpreted by the defendant as a mistake rather than an indication of the correct address of the plaintiff's accident.

Moreover, the burden the plaintiff suggests we place on the defendant seems contrary to the supreme court's statements in *Zeh*. The court in that case rejected the plaintiff's argument that the defendants had notice of the correct location of her accident because (1) the original and amended complaints were the same except for the change in the address of the accident, (2) the defendants managed apartment buildings at the address alleged in the original complaint and at the different address alleged in the amended complaint, and (3) these buildings were only two blocks apart. The court reasoned:

> "To accept plaintiff's argument would require an owner or manager of multiple parcels of realty to investigate each and every property when confronted with a cause of action arising out of the alleged negligent maintenance of one of its premises." *Zeh*, 111 Ill. 2d at 279.

Under this reasoning, the defendant in the case before us was not required to investigate the store at 6931 Dempster given the allegation that the plaintiff was injured in the store at 5747 Dempster.

Despite the conversations the plaintiff claimed to have had with employees and a manager of the defendant, and despite the notices of attorney's lien the defendant was sent, we do not believe the defendants had the "necessary information to prepare their defense to the subsequent claim alleged in the amended complaint." *Cannon*, 196 Ill. App. 3d at 897. It is conceivable that the defendant would be prejudiced by the change of address in the amended complaint because, by relying on the address alleged in the original complaint, the defendant may not have acted to preserve evidence related to the plaintiff's fall at 6931 Dempster. See *Doherty v. Cummins-Allison Corp.*, 256 Ill. App. 3d 624, 628 N.E.2d 731 (1993) (refusing to allow an amendment to expand the area where the accident occurred because this would unfairly prejudice the defendants, who had no notice that they should investigate or preserve evidence in this area); *Flynn v. Szwed*, 224 Ill. App. 3d 107, 586 N.E.2d 539 (1991) (it was conceivable that the defendant was prejudiced by an amendment that changed the dates of the defendant's malpractice because the defendant may not have preserved the records relating to the plaintiff's treatment at another time). In fact, the record provides support for the conclusion that the defendant was prejudiced by the amendment. Shortly before the case was to go to trial, the defendant satisfied the trial judge that it was unprepared due to the change of address and was granted a continuance.

For these reasons, we believe the judge properly dismissed the complaint.

Judgment affirmed.

McNAMARA and RAKOWSKI, JJ., concur.